## 64645. HARPER v. THE STATE.

BIRDSONG, Judge.

Edward H. Harper appeals jury convictions of driving while intoxicated and speeding. We affirm.

The arresting officer testified that he clocked appellant driving on Interstate 85 at about 8:20 p. m. on July 2, 1981, at 75 m.p.h. When he stopped appellant and charged him with speeding, he noticed a strong odor of alcohol and that appellant's eyes were red, his speech slurred, and he was unable to stand or walk unassisted. For these reasons, appellant was arrested, his car was impounded, and he was taken to the station for an intoximeter test. Appellant was advised of the implied consent laws (Code Ann. §§ 68A-902.1 and 68B-306) en route to the station, and he asked for a urine test by a doctor of his own choosing. He was told he could call his own doctor and have a test set up or "whatever he wanted to do," given a telephone book and allowed to place at least two phone calls. The arresting officer did not offer to take appellant to the emergency room at the nearest hospital and was sent back on the street as soon as he finished the paperwork. The state's breath test showed a reading of .20.

Appellant testified in his own behalf, admitting that he was speeding "a little bit," but thought he was going only 65 m.p.h. He also admitted that he had been drinking at a bar, but that he had "probably had three, maybe four drinks" and was not drunk. The police reported finding $3,300 in an opaque plastic bag in the glove compartment of appellant's car, but he insisted he had had $3,800 at the time he was arrested. After hearing this testimony, the jury returned verdicts of guilty as to both charges.

1. Appellant asserts that the trial court erred in failing to strike the testimony and results of the intoximeter test because he was denied a urine test pursuant to Code Ann. § 68A-902.1 (a) (3). A similar argument was recently raised and rejected in Grizzle v. State,

153 Ga. App. 364 (1) (265 SE2d 324), where this court held that an officer's failure to order a test for a defendant did not amount to a denial of an independent test. Where a defendant makes no arrangements to secure an independent test, the mere fact that it was not made "fails to disclose any reason to suppress the evidence merely because the defendant was unable to obtain a test of his own choosing." *State v. Laycock,* 151 Ga. App. 145, 147 (259 SE2d 150). Before the duty of the police arises to transport a defendant to the location of the test, he must first show that he had made arrangements with a qualified person of his own choosing, that the test would be made if he came to the hospital, that he so informed the personnel at the jail where he was under arrest, and that those holding him then "either refused or in any event failed to take him to the hospital for that purpose." *Puett v. State,* 147 Ga. App. 300 (248 SE2d 560).

Because appellant never informed anyone that a test was available, as was done in *Puett,* it cannot be said that the arresting officers breached their duty and prevented him from exercising his right to an independent test; and it was not their duty "to insure the performance of such test." *Grizzle v. State,* supra. Consequently, the trial court did not err in admitting the results of the state-administered intoximeter test.

2. Appellant next argues that the trial court erred in allowing the state to amend the speeding accusation during its opening argument over objection by counsel to show that appellant was arrested on Interstate 85 rather than 285. Not only does the record not contain a transcription of the argument or any objections, appellant has failed to show how such amendment would in any way be harmful to him. "This court cannot consider factual representations in a brief which do not appear in the record. [Cit.]" *Murphy v. State,* 158 Ga. App. 278, 280 (4) (279 SE2d 728). Moreover, "the law of this state requires the defendant to show injury as well as error. [Cits.]" *Bisard v. State,* 158 Ga. App. 62, 63 (279 SE2d 310).

3. Appellant's final enumeration asserts that his speeding conviction should be set aside as the arbitrary nature of enforcement of speeding violations by the College Park Police violates the equal protection and due process provisions of the state and federal Constitutions. The facts upon which this claim is based arise from the testimony of the arresting officer that he originally charged appellant with speeding at the rate of 75 m.p.h., but later reduced the charge to 70 m.p.h. on the advice of the captain "so we wouldn't have to take his driver's license." However, when appellant accused the officer of taking $500 from his car and called the officer "a son of a bitch," the

officer reinstated the original charge. These facts, which were before the jury, do not establish a deprivation of constitutional rights warranting reversal of the jury verdict of conviction. Nor does changing the rate of speed back to what was originally charged constitute harmful error. As previously stated, "both error and harm must be shown to constitute reversible error. [Cit.]" *Banks v. State,* 242 Ga. 631 (250 SE2d 479).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED NOVEMBER 1, 1982.

*Kenneth L. Gordon,* for appellant.
*Hinson McAuliffe, Solicitor, Tom Weathers, Paul C. McCommon III, Assistant Solicitors,* for appellee.