A89A1434. AKIN v. THE STATE.
(387 SE2d 351)

McMURRAY, Presiding Judge.

Defendant Akin was arrested for and subsequently charged with driving under the influence of alcohol. This is an interlocutory appeal from the state court's denial of defendant's motion in limine to exclude the results of an intoximeter test. *Held*:

Following his arrest by Gwinnett County police defendant was read his implied consent rights pursuant to OCGA §§ 40-5-55 and 40-6-392. Defendant consented to take the intoximeter test as requested by the arresting officer and requested an additional test at Northside Hospital. The arresting officer advised defendant that there were three hospitals that he was allowed to take him to, Joan Glancy, Doctors Hospital, and Gwinnett Medical. Defendant refused to go to any hospital except Northside Hospital. Because the defendant refused to go to any of the three hospitals as chosen by the arresting officer, the arresting officer refused to take defendant for an independent blood test.

"OCGA § 40-6-392 (a) (3) gives one accused of driving under the influence the right to 'have a . . . qualified person *of his own choosing* administer a chemical test or tests in addition to any administered at the direction of a law enforcement officer.' [Emphasis supplied.] 'There can be no question that by judicial interpretation of (OCGA § 40-6-392) the results of an intoximeter [breath] test which is taken in violation of the protections afforded by (that section) may not be used in evidence against the defendant.' *State v. Johnston*, 160 Ga. App. 71, 73 (286 SE2d 47) (1981) aff'd on other grounds, 249 Ga. 413 (291 SE2d 543) (1982). See also *Munda v. State*, 172 Ga. App. 857 (1) (324 SE2d 799) (1984)." *State v. Hughes*, 181 Ga. App. 464, 466 (352 SE2d 643). In *State v. Hughes*, supra, we found that under similar circumstances the defendant was improperly denied his right to have an independent test performed. Defendant contends that the case sub judice is governed by *State v. Hughes*, supra, while the prosecution contends that there are distinguishing differences in the facts and circumstances of each case.

In its order, denying defendant's motion in limine, the state court adopts one of the contentions advanced by the State, that defendant did not carry his burden of showing that arrangements had been made for the taking of an independent test at Northside Hospital. See in this regard *Lovell v. State*, 178 Ga. App. 366, 368 (2) (343 SE2d 414); *Harper v. State*, 164 Ga. App. 230, 231 (296 SE2d 782); *Puett v. State*, 147 Ga. App. 300 (248 SE2d 560). We reject this conclusion for the same reason which we rejected it in *State v. Hughes*, 181 Ga. App. 464, 467, supra, that is, that defendant was never instructed to make such arrangements and that whether defendant made arrangements with Northside Hospital was irrelevant since it would have been physically impossible for defendant to go to Northside Hospital while in the custody of the arresting officer who would transport him *only* to the three designated hospitals.

The State also contends that *State v. Hughes*, 181 Ga. App. 464, supra, should be distinguished because the defendant in that case knew Northside Hospital performed the type of blood test he was seeking, and that he knew the cost of the test. The defendant in the case sub judice, testified that he was not familiar with the three hospitals designated by the arresting officer. The defendant also testified that he lived and worked near Northside Hospital and knew it would take his credit card as a form of payment for the blood test and would honor his insurance. While the defendant in the case sub judice, may have sought an independent test from Northside Hospital for different reasons and possessed less specific knowledge than the defendant in *State v. Hughes*, supra, we do not find these differences to be significant. Defendant in the case sub judice, having chosen Northside Hospital to administer his independent test, could easily have made inquiries concerning the availability and cost of test had such inquiry not been foreclosed by the arresting officer's refusal to transport defendant to Northside Hospital. The determinative factor in both the case sub judice and *State v. Hughes*, supra, is in the police action denying defendant access to the facility reasonably chosen by defendant for administration of the independent test.

The State would distinguish *State v. Hughes*, 181 Ga. App. 464, supra, based on the location of the hospitals. Defendant opined that Northside Hospital was eight miles from the location of his arrest. We do not find the distance defendant sought to be transported for his independent test to be inherently unreasonable.

The arresting officer testified that Northside Hospital was approximately ten miles from the location of defendant's arrest and that of the three hospitals he designated, one was less than ten miles, one was less than six miles and he did not know the distance of the third hospital (out-of-county Doctor's Hospital in Tucker, DeKalb County, Georgia) from the place of arrest. In *State v. Hughes*, supra, which

incidentally also involved a refusal to transport a defendant to Northside Hospital, that trial court found that the distance between Northside Hospital and the hospital to which that defendant was transported was less than five miles. It may be fairly stated that the distance between the farthest of the offered hospitals and requested hospital in the case sub judice was approximately the same and that one of the offered hospitals was out of county as was the requested hospital. It follows that any added logistical burden which would be placed upon police by accommodating the request for independent tests is no greater in the case sub judice than in *State v. Hughes*, supra.

Finally, the State contends that an unreasonable and onerous burden is placed on police by defendant's request to be transported to a hospital in another county. However, as one of the three hospitals designated by the arresting officer was located outside of Gwinnett County, we need only note that this contention lacks any support in the record.

In conclusion, we find that the case sub judice is governed by our decision in *State v. Hughes*, 181 Ga. App. 464, supra. The state court erred in denying defendant's motion in limine.

*Judgment reversed. Carley, C. J., and Beasley, J., concur.*

Decided September 26, 1989 —
Rehearing denied October 16, 1989 — 

*Alan Mullinax*, for appellant.
*Gerald N. Blaney, Solicitor, David M. Fuller, Assistant Solicitor*, for appellee.