## A90A1422. STYLES v. THE STATE.
(397 SE2d 574)

BANKE, Presiding Judge.

The appellant was convicted of armed robbery and kidnapping with bodily injury. He brings this appeal from the denial of his motion for new trial. *Held*:

1. Construed in the light most favorable to the verdict, the evidence was sufficient to enable a rational trier of fact to find the appellant guilty of both offenses beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. While the appellant was not charged with rape or sodomy, and while the victim made no assertion at trial that the appellant had raped her, she did testify that he had forced her to perform oral sodomy on him during the course of the events for which he was on trial. In his second enumeration of error, the appellant contends that the trial court erred in refusing to permit him to cross-examine the victim "with a prior inconsistent statement about the alleged rape and sodomy she said had been committed against her. . . ." The argument provided in support of this enumeration of error reveals, however, that it is actually directed to two entirely separate and unrelated rulings by the trial court.

(a) During cross-examination, the victim acknowledged that she had not told anyone about the sodomy when she was taken to the hospital immediately following her ordeal, testifying that the first person she had talked to about it was her psychologist. Appellant's counsel then asked her, "When was that?" and she responded that she did not know, stating that she had been so humiliated by the experience that it was some time before she was able to discuss it. The state objected at this point on the ground that the appellant was not on trial for sodomy; and the trial judge sustained the objection, whereupon the appellant's counsel moved on to another subject. Under the circumstances, it is apparent to this court that the trial judge was merely protecting the victim from further interrogation concerning her discussion of the incident with her psychologist. As the transcript reveals that defense counsel was otherwise permitted a full and complete opportunity to cross-examine the victim with respect to her testimony concerning the sodomy, we hold that the court's ruling in this regard did not result in an improper abridgment of the appellant's right of cross-examination. See generally *Deyton v. State*, 182 Ga. App. 73, 74 (3) (354 SE2d 625) (1987).

(b) The victim acknowledged during cross-examination that the appellant had not raped her on the night in question and further testified that she had not told anyone otherwise. In response to the latter testimony, the appellant's counsel sought to establish that she had been admitted to the hospital for an abortion approximately two

months after the incident and at that time had told three physicians that she had been raped two months earlier by a man who was now in jail. The appellant contends that the trial court erred in refusing to allow him to cross-examine the victim concerning these asserted statements because they conflicted with her testimony that she had not told anyone the appellant had raped her. However, at the time the victim offered the latter testimony, she was discussing what had occurred on the night in question, not what had transpired at the hospital two months later. Thus, her statements to the hospital physicians would not have impeached her testimony at trial, nor were they otherwise relevant to the issues being tried.

"Evidence of an impeaching nature must itself relate to a relevant issue in the case. A witness' possible lack of credibility concerning matters otherwise irrelevant to any issue in dispute does not thereby become material to the case as an issue of impeachment. (Cits.)" *E. H. Siler Realty &c. v. Sanderlin*, 158 Ga. App. 796 (1), 798 (282 SE2d 381) (1981). Under the circumstances, the trial court did not abuse its discretion in refusing to allow this line of cross-examination.

3. We have carefully considered the appellant's remaining enumerations of error, which also concern alleged restrictions on his right of cross-examination, and have determined that they, too, are without merit.

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED SEPTEMBER 12, 1990 —
REHEARING DENIED SEPTEMBER 24, 1990 —

*Alden W. Snead, J. M. Raffauf*, for appellant.
*Frank C. Winn, District Attorney, David J. McDade, Assistant District Attorney*, for appellee.