A92A0392. HIGHTOWER v. THE STATE.
(422 SE2d 28)

ANDREWS, Judge.

Hightower appeals his conviction of three counts of violation of the Georgia Controlled Substances Act. He was convicted of possession with intent to distribute amphetamine on May 5, 1989; possession of cocaine on October 19, 1989; and possession of methamphetamine on October 19, 1989.

Viewed in favor of the verdict, the evidence was that a drug task force investigation was ongoing in the area and Flowers, an informant, advised the agents that Hightower might be running a methamphetamine laboratory.

On May 5, 1989, Flowers escorted undercover agent Baldwin to the residence of Hightower. Prior to arriving there, Baldwin conducted a strip search of Flowers and found no drugs. Upon arrival, Baldwin remained in the car while Flowers entered an outbuilding on the property with Hightower. Flowers first brought out .3 grams of amphetamine or "crank." Baldwin then obtained a second bag, containing 15.7 grams. These amounts formed the basis for Count 1. Hightower agreed that he would front them the drugs, i.e., allow them to pay him after cutting and reselling the drug. On May 17, Flowers

and Baldwin returned to the Hightower property. Baldwin then entered a former chicken house being used as a garage. There, Baldwin paid Hightower $850 for the crank and discussed the possibility of obtaining more. Baldwin observed numerous automobile parts which he discussed purchasing from Hightower, as well as motorcycles and hand tools.

Hightower testified that a meeting occurred with the two men on May 17, but said the only conversation dealing with drugs was that initiated by Flowers and Baldwin, trying to get Hightower to accept drugs in payment for a motorcycle he had sold Flowers. Hightower testified he refused.

No further contact with Hightower was related at the trial until October 19, 1989, when Agent Baldwin obtained a search warrant for the residence and outbuildings of Hightower, based on allegations of drug activity and theft by receiving stolen property. In addition to the two May visits, the affidavit for the warrant reflected that two undercover agents had visited the Hightower property on October 11, 1989 and saw "approximately five motorcycles and approximately ten vehicles." The agents were of the opinion that these vehicles were there for the purpose of purchasing drugs.

Also, a crime lab specialist visited the property and opined that it was "ideal for an amphetamine laboratory" and an informant told the other drug agents working with Baldwin that the informant had witnessed drug transactions and stolen items at the property during the first week of October.

Upon executing the warrant, an empty soft drink can[1] was found containing cocaine residue (Count 2) and a bag of methamphetamine was found on the dresser in Hightower's bedroom (Count 3).

1. Denial of his motion to suppress the evidence seized pursuant to a search warrant on October 19, 1989 is enumerated as error. This evidence related to Counts 2 and 3 of the indictment.

Defendant argues that the affidavit was unclear because it indicates that, during the first buy in May, the drugs were handed to agent Baldwin when in fact they were given to Flowers out of the sight of Baldwin and given by Flowers to Baldwin.

The agent who obtained the warrant testified at the motion to suppress hearing that, in addition to the affidavit, he presented oral information to the magistrate when he obtained the warrant and that included the fact that the drugs were first given to the informant and then to him. On reviewing a trial court's ruling on a motion to suppress, evidence is construed most favorably to uphold the findings and judgment and the trial court's findings on disputed facts and

---

[1] Such cans are used as pipes for smoking crack cocaine.

credibility must be accepted unless clearly erroneous. *Morgan v. State*, 195 Ga. App. 732, 735 (3) (394 SE2d 639) (1990). This argument is without merit.

Defendant also contends that the information as to distribution of drugs was not specific enough and was stale. As reflected above, however, there was information concerning drugs on the premises during the first week of October. Considering the previous illegal activities there, the magistrate could have made a common sense decision that the October reference was to the same type drug activity as had previously occurred and the information was not stale. *Ferrell v. State*, 198 Ga. App. 270, 272 (1) (401 SE2d 301) (1991); *Whitten v. State*, 174 Ga. App. 867, 869 (1) (331 SE2d 912) (1985).

The affidavit and warrant, while not models of clarity, comply with OCGA §§ 17-5-20 and 17-5-21.

2. The second enumeration alleges error in the court's charge on circumstantial evidence. In the trial transcript, the pertinent sentence reads "To warrant a conviction on circumstantial evidence alone the proven facts must not only be consistent with the theory of guilt, but must **include** every other reasonable theory other than the guilt of the accused." The court reporter's certificate of accuracy is dated September 23, 1991. This is argued as error.

On January 8, 1992, the court reporter submitted a supplement to the transcript, stating "Upon review of my shorthand notes I wish to make a correction. . . . Line Five (5), Page 361 should read 'exclude' rather than 'include.' " This correction of the record, as allowed by OCGA § 5-6-41 (f), alleviates the need for consideration of the alleged error. See *Wigley v. State*, 194 Ga. App. 7, 9 (7) (389 SE2d 769) (1989).

Furthermore, after the charge of the jury, the court inquired of counsel for defendant if there were exceptions to the charge. He replied "I don't see any. I kept fairly decent notes and didn't note any slips of the tongue." Therefore, there is a procedural bar to consideration of the now voiced objection. *Rivers v. State*, 250 Ga. 303, 309 (7) (298 SE2d 1) (1982); *Hurston v. State*, 189 Ga. App. 748, 750 (2) (377 SE2d 519) (1989).

3. Hightower objects here to the "repeated interruption of the playing of the tape recording" of the events of May 17.

During his testimony, Hightower contended that he did not provide any drugs for distribution but that Baldwin and Flowers offered them to him. In rebuttal, the State offered a tape recording made by use of a body bug worn by Baldwin during the events of May 17, 1991.

The tape had not been transcribed for the jury and the court allowed Baldwin to identify the voices on the tape as it was played. The objection voiced to this procedure was not to interrupting the tape for

the purpose of identifying the voices but to "hav[ing] a discussion about what was going on and play a bit and have a discussion about what was going on." In fact, Hightower acquiesced in the court's allowing of identification of the voices.

The objection voiced here not having been made below, there is nothing presented for our review. In any event, the procedure used was appropriate. *Gambrel v. State*, 260 Ga. 197, 200 (2) (391 SE2d 406) (1990).

4. Finally, Hightower alleges error in the court's refusal to allow cross-examination of Flowers as to an attempt by Flowers to sell drugs to Long, who was not otherwise involved in the events at issue.

Despite Hightower's contention that he was not allowed to pursue this line of questioning, a series of ten questions was posed to Flowers about the incident with Long. Flowers denied any such attempt to sell drugs to Long.

After these questions and denial, counsel for Hightower made the following statement: "I can offer this through Mr. Long. If he [Flowers] wants to deny it, that's fine, but we want to offer that he tried to trade dope with Mr. Long just like to the defendant over here. He's going to deny that he tried to trade dope to the defendant and deny that he tried to trade to Mr. Long. We think the consistency of the acts out there should be brought out and are relevant to the case."

The error enumerated, limitation of cross-examination, is not supported by the record, only the fact that Hightower was not satisfied with the answers received in response to his cross-examination. See *Styles v. State*, 197 Ga. App. 56 (2 (a)) (397 SE2d 574) (1990).

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED JULY 15, 1992 —
RECONSIDERATION DENIED JULY 31, 1992.

*Little & Adams, Robert B. Adams,* for appellant.
*Roger G. Queen, District Attorney, John G. Wilbanks, Jr., Assistant District Attorney,* for appellee.