### A92A0811. BUTTS v. CITY OF PEACHTREE CITY et al.

(422 SE2d 909)

COOPER, Judge.

Appellant was convicted in a bench trial in Peachtree City Municipal Court of driving under the influence of alcohol, failure to show proof of insurance, driving without a Georgia driver's license and impeding the flow of traffic. On appeal in the superior court, only the conviction of impeding the flow of traffic was reversed. We granted appellant's application for discretionary appeal of the DUI conviction.

The evidence adduced at trial shows that while on foot patrol at 1:27 a.m., Corporal Estes of the Peachtree City Police Department observed appellant in a parking lot, walking unsteadily toward his truck. Estes testified that he did not believe he had sufficient probable cause to stop and question appellant; therefore, as appellant left the parking lot in the truck, Estes radioed to an Officer Vickery and suggested that Vickery observe appellant's driving on the public roads. Vickery recognized appellant's truck based on Estes' description and followed appellant for 3/10ths of a mile, estimating that appellant was driving at a speed of 23 mph in a 40 mph zone. Suspecting that appellant was driving under the influence, Vickery stopped appellant, and as appellant spoke, Vickery detected the strong odor of alcohol. When appellant stepped out of the car, he was unsteady on his feet, and his eyes were bloodshot and glassy. Appellant admitted having two-and-one-half beers and refused a field sobriety test. He was then arrested and given his implied consent rights. Appellant consented to an intoximeter test which produced a reading of .16 grams percent. Vickery initially testified that he then offered appellant a second test pursuant to OCGA § 40-6-392 (a) (3) which appellant refused. He later testified that appellant asked for a blood test; that Newnan and Humana Hospitals, both in Newnan, require cash for such tests; that because appellant had a credit card but did not have sufficient cash for a blood test, appellant was not taken to either of the hospitals; and that appellant did not ask to use the phone or make arrangements for a test elsewhere.

1. Appellant argues that there was insufficient articulable suspicion to justify the initial stop of his truck. We disagree. " 'Even in the absence of probable cause, a police officer "may stop an automobile and conduct a limited investigative inquiry of its occupants . . . if he has reasonable grounds for such action — a founded suspicion is all that is necessary, some basis from which the court can determine that the detention was not arbitrary or harassing." [Cit.]' [Cit.]" *Jenkins*

*v. State*, 201 Ga. App. 654, 656 (2) (413 SE2d 460) (1991). Given the fact that Vickery had information from Estes that appellant was walking unsteadily immediately before he got into his truck and that Vickery observed appellant driving unusually slowly on a public thoroughfare 17 mph below the authorized speed limit at 1:27 a.m., Vickery had a legitimate purpose for stopping the truck to ascertain appellant's condition. Therefore, the stop was reasonable. See *State v. Thomason*, 153 Ga. App. 345 (1) (265 SE2d 312) (1980).

2. Appellant also contends the superior court erred in affirming the trial court's denial of his motion to suppress the results of the intoximeter test on the ground that the police unjustifiably failed to permit him to obtain an independent blood test. The superior court held that because appellant did not make arrangements for a blood test the police had no duty to facilitate the performance of a test.

"OCGA § 40-6-392 (a) (3) allows one accused of driving under the influence of alcoholic beverages the right to have a chemical analysis of his blood and urine by a qualified person of his own choosing, and there is a corresponding duty on the part of law enforcement officers not to refuse or fail to allow the accused to exercise that right. [Cit.] While it is not the officer's duty to insure the performance of an independent test, he cannot prevent a defendant from exercising his right to such a test. [Cit.] The statute also states that 'the justifiable failure or inability to obtain an additional test shall not preclude the admission of evidence relating to the test or tests taken at the direction of a law enforcement officer.' It is incumbent on the trial court to determine whether the failure or inability to obtain the additional test is justified. In making that determination, the trial court must decide if, under the totality of the circumstances, the officer made a reasonable effort to accommodate the accused who seeks an independent test. Factors to be considered include, but are not limited to, the following: (1) availability of or access to funds or resources to pay for the requested test; (2) a protracted delay in the giving of the test if the officer complies with the accused's requests; (3) availability of police time and other resources; (4) location of requested facilities, e.g., the hospital to which the accused wants to be taken is nearby but in a different jurisdiction; (5) opportunity and ability of accused to make arrangements personally for the testing." *State v. Buffington*, 189 Ga. App. 800, 801-802 (377 SE2d 548) (1989).

The superior court determined that appellant waived his right to an independent test by failing to personally make arrangements for a blood test; by failing to request to be taken to an automated teller machine to obtain sufficient cash for a blood test at one of the Newnan hospitals identified by the police; and by failing to locate another facility which would accept a credit card. However, despite the fact that appellant was informed of his right to an independent test,

he was never instructed by the police to personally make arrangements for the test, nor was he allowed the use of a telephone. See *State v. Hughes*, 181 Ga. App. 464, 466 (352 SE2d 643) (1987); *Akin v. State*, 193 Ga. App. 194, 195 (387 SE2d 351) (1989). Compare *Harper v. State*, 164 Ga. App. 230, 231 (296 SE2d 782) (1982). When asked at trial whether appellant had been given access to a telephone to call someone who could give him cash for the blood test, Vickery recited the policy of the Peachtree City Police Department that "phone calls are only made once [individuals] get to the [Fayette County Jail]." Moreover, the record reveals that in addition to a credit card, appellant had an automated teller machine card which he could have used to obtain cash; that there were no police emergencies on the night of appellant's arrest; that when appellant invoked his right to an additional test by a technician of his own choosing, appellant was told that the police department used Newnan and Humana hospitals, the nearest of which was 15 miles away in another jurisdiction; and that when appellant revealed he did not have sufficient cash for a test, there was no further effort to accommodate appellant. Vickery testified that once appellant was offered the second test and was informed of "the procedure," appellant did not ask to make other arrangements and that it was not the responsibility of the police to "dig it out of him to get him to go somewhere." However, the police cannot escape the duty to reasonably accommodate individuals who have invoked the right to an additional test simply because such individuals fail to insist on alternatives, especially when they have not been instructed of their responsibility to make such arrangements and that failure to do so results in a waiver. It must be remembered that such individuals are in police custody and do not have free reign to dictate their own actions. Because of the very nature of the arrest, their faculties are often impaired, and their actions are largely dictated by the instructions given to them by the police. When the officers learned that appellant did not have sufficient cash for a blood test at one of the recommended hospitals, appellant should have been offered the opportunity to use a telephone to make other arrangements. In addition, since the police were willing to transport appellant at least 15 miles from Peachtree City to Newnan to the closer of the two recommended hospitals, he could also have been taken to an automated teller machine to obtain sufficient cash without having to insist on being taken there. Contrary to the superior court, we do not agree that appellant waived his right to an independent test because he was never instructed that his failure to personally make such arrangements would result in a waiver. Accordingly, we find that under the totality of the circumstances, the officers did not reasonably accommodate appellant, and the results of the intoximeter test should have been suppressed.

3. Based on the foregoing, appellant's contention that the trial court erred in refusing to admit certain photographs which purportedly demonstrated that one of the hospitals accepted credit cards is moot.

4. Appellant next argues that there was insufficient evidence to support a conviction under OCGA § 40-6-391 (a). Appellant was charged with violating the entire statute and concedes that proof of any one of the statute's four subsections beyond a reasonable doubt would authorize a conviction. While suppression of the intoximeter results would prevent a conviction under subsection (a) (4), there was sufficient evidence to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt under subsection (a) (1). See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Vickery testified that there was a strong odor of alcohol about appellant's person, appellant was unsteady on his feet, his eyes were bloodshot and glassy, and appellant admitted consuming alcoholic beverages during the course of the evening. Vickery also observed appellant driving well below the authorized speed limit. See *Williams v. State*, 190 Ga. App. 361 (1) (378 SE2d 886) (1989); *Bass v. State*, 185 Ga. App. 666 (1) (365 SE2d 509) (1988); *Collins v. State*, 177 Ga. App. 758 (2) (341 SE2d 288) (1986).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 16, 1992.

*Ballard, Slade & Ballard, Scott L. Ballard,* for appellant.

*Glover & Davis, A. Mitchell Powell, Jr., Delia T. Crouch, McGinn, Webb & Warner, James H. Webb, Jr., Michelle G. Lundy, Richard P. Lindsey,* for appellees.