A92A1884. THE STATE v. SUDDETH.
(427 SE2d 76)

ANDREWS, Judge.

The State appeals from the grant of the motion to suppress of Elaine Suddeth. She was charged with possession of methamphetamine and marijuana.

An affidavit and application for a search warrant were presented to the magistrate by Barrow County Sherriff's Lt. Bob Kenney accusing Suddeth of forgery under OCGA § 16-9-2 and violation of OCGA § 16-13-30 of the Georgia Controlled Substances Act. The property to be searched was alleged to be located in Barrow County and described as "[a] single story red brick dwelling with white awnings, two front entrances, a small porch on east side of house, circular driveway in front and a red barn behind east corner of house. Also any vehicles and outbuildings at residence. It is the 4th building on left past the car wash in Carl, Ga. on Hwy. 29, heading east." The items listed to be searched for were: "1) I.D.'s, 2) Stolen or bogus checks or credit cards, 3) Receipts, 4) Records pertaining to illegal activity, 5) Controlled substance i.e. Methamphetamine, Marijuana, 6) Any drug related objects, 7) U. S. Currency."

In conjunction with the affidavit and application, supplemental information was submitted which showed that on March 26, 1991, two white males, Phillip Lee Suddeth and Roger Dale Dalton, were arrested by the Snellville Police Department in Gwinnett County for passing forged checks. They were also charged with theft by taking of the 1982 Silver Cadillac they were driving and both used "alias names" when arrested. A search warrant was obtained for the Cadillac, in which were found numerous false picture I.D.s of both men, stolen credit cards and checks, some 46 grams of methamphetamine,

needles and spoon, pictures, receipts and merchandise bought with forged checks, and miscellaneous papers. Due to having given false names, both men were charged as John Does for drug violation with intent to distribute. Through investigation it was learned that Dalton had rented two storage rooms at a facility on Jimmy Carter Boulevard in Gwinnett County under his own name, and a search warrant was obtained and executed thereon on March 28, 1991. Items seized there included a blank Georgia driver's license, miscellaneous I.D.s, methamphetamine and marijuana, lab equipment and ingredients for methamphetamine including the "recipe," and pictures, phone numbers and various papers. A hearing was held before a magistrate the next day at which the true names of Suddeth and Dalton were learned and admitted under oath, but both men still refused to give a correct address.

On April 5, 1991, at a bond hearing held in Gwinnett Superior Court, two females present were recognized by a detective from pictures found during the searches. One of the women and a boy approximately 11 years old were introduced as appellee Elaine and Shane Suddeth, wife and son of Phillip Lee Suddeth. Pictures of Shane had also been found during the searches. After the hearing the women were observed driving away in a silver BMW bearing a Georgia tag BGG-440, but there was not sufficient time to set up a proper surveillance of the car to locate an address. The investigation led to Auburn, Georgia, where two detectives from the Snellville Police Department learned that Shane Suddeth was enrolled as a student at Auburn Elementary School. Shane's home address on record at the school, which was listed as Highway 29, Route 1, Box 3169, Auburn, Georgia, did not exist, but the detectives ascertained from the school bus driver that the address where he let the boy off was Highway 29, Route 1, Box 5917 in Auburn. Inquiries with the local utilities and the post office revealed that service for that address was designated to Phillip Joe and Elaine Chapin, with the application signed by Elaine. When the detectives drove by the address they saw a silver BMW parked behind the residence. The search warrant was requested solely on the basis of this information.

At the hearing the trial judge expressed some misgivings that the State had not shown that the description of the residence in the affidavit and the residence address supplied in the supplemental information were the same, or even that the silver BMW parked behind the Barrow County residence was the same car seen outside the Gwinnett County Courthouse; and that the criminal activity in Gwinnett County had not been in any remote fashion tied into any criminal activity conducted by Elaine Suddeth in the house in Barrow County. Subsequently, on February 18, 1992, the motion to suppress was granted. The State contends on appeal that under the totality of the

circumstances the magistrate had sufficient probable cause to issue the search warrant; and because the evidence was seized in good faith reliance on a search warrant issued by a neutral and detached magistrate, appellee's Fourth Amendment rights were not violated and suppression was not authorized.

As recognized by the Supreme Court in *State v. Stephens*, 252 Ga. 181, 182 (311 SE2d 823) (1984), the issuing magistrate's task is to make a practical, common-sense decision from everything adduced at the hearing, including the veracity and basis of knowledge of persons supplying information, that there is a fair probability that contraband or evidence of a crime will be found at the described location; and the reviewing court's duty is to ensure that the issuing magistrate had a substantial basis for concluding that probable cause existed. "On reviewing a trial court's ruling on a motion to suppress, evidence is construed most favorably to uphold the findings and judgment and the trial court's findings on disputed facts and credibility must be accepted unless clearly erroneous. [Cit.]" *Hightower v. State*, 205 Ga. App. 305, 306-307 (1) (422 SE2d 28) (1992).

Even assuming all the allegations made in the affidavit and application presented here were true, we find no evidence of any criminal activity by Elaine Suddeth to authorize the issuance of a search warrant. There was nothing to show that she or her husband had supplied an incorrect address to the school their son attended or that the erroneous address served to further any criminal purpose. There was likewise no evidence that the utilities were obtained by use of false names or that the named persons were in fact the Suddeths. At the time the warrant was issued the investigating authorities had no concrete knowledge that Phillip Joe and Elaine Chapin did not live in the residence sought to be searched. There was no proof that the silver BMW parked behind the residence was the one Elaine Suddeth had been seen driving earlier or that she owned it. Even if she did, its ownership was neither illegal nor evidence of any criminal pursuit. The only facts the State possessed as its basis for probable cause at the time it sought issuance of the warrant were that Elaine Suddeth's husband had been in possession of contraband drugs in another county some two weeks prior to the search of the residence, and there was nothing to connect her to that criminal activity.

With regard to the "good faith" exception argued by the State, "the good-faith exception to the exclusionary rule enunciated by the U. S. Supreme Court in *United States v. Leon*, [468 U. S. 897 (104 SC 3405, 82 LE2d 677) (1984)] is not applicable in Georgia in light of our legislatively-mandated exclusionary rule found in OCGA § 17-5-30, and . . . the trial court did not err when it ordered suppression of the contraband seized in a search of [Suddeth's] home because the warrant authorizing the search was not supported by probable cause."

*Gary v. State*, 262 Ga. 573, 577 (422 SE2d 426) (1992).
*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED JANUARY 14, 1993.

*Timothy G. Madison, District Attorney*, for appellant.
*Kathleen J. Anderson*, for appellee.