A93A1274. WELLS v. THE STATE.
(435 SE2d 523)

BEASLEY, Presiding Judge.

Appellant was convicted of violating OCGA § 40-6-391 (a) (1), for actual physical control of a moving vehicle while under the influence of alcohol to the extent that it was less safe to drive; OCGA § 40-6-391 (a) (4), for actual physical control of a moving vehicle within three hours of the time when alcohol concentration was .10 grams or more; and OCGA § 40-6-184, for intentionally impeding the normal and reasonable movement of traffic by slow driving. At issue is whether defendant was deprived of a meaningful opportunity to obtain an independent blood test while in police custody.

A Chatham County police officer testified that at approximately 2:00 a.m., he got behind a vehicle being driven by appellant in the passing lane. He was going 30 mph in a 55-mph zone. The officer flashed his lights several times. Appellant continued driving in the passing lane, so the officer stopped him. Appellant exited the vehicle in a loud and belligerent manner. His eyes were bloodshot and he emitted a strong odor of alcohol. The officer placed him under arrest,

read the implied-consent rights under OCGA § 40-6-392 (a) (3), and asked if he would submit to a breath test. Appellant stated he would submit to a blood test, which was administered to him at the police station.

After the blood was drawn, appellant stated that he wanted another blood test. The officer gave him access to a telephone and the use of a telephone book. He told appellant he could call anybody he desired to administer an independent test. If he could find someone to do it, the officer would take him to the doctor or hospital, or he would allow someone to come to the police department to draw appellant's blood. The officer further testified that appellant made three or four calls. Appellant called his physician but could not reach him. Instead, he talked to a physician on call, Dr. Tillinger, who refused to order a blood test. Appellant also called his lawyer, who hung up on him. He called Memorial Hospital as well.

After about an hour of failed attempts by appellant to arrange for a blood test, he was placed in a holding cell, later transported to the county jail, and released on bond the following day.

Appellant represented himself at trial. In cross-examining the officer, he sought to establish that he had requested the officer to take him to a hospital emergency room; that the emergency room would have administered a blood test to him if he had appeared at the emergency room and was able to pay for it, which he was; but that the emergency room would not agree over the phone to administer a blood test.

The officer testified that appellant had not asked to be taken to the emergency room, and that following appellant's phone call, he told the police the emergency room would not draw his blood without a doctor's order that night but would do so the next day. The officer testified that if the hospital or emergency room had told appellant that it would have drawn his blood that night, the officer would have taken him there.

Another officer, who was present when appellant was brought to the police station, likewise testified that appellant said the hospital told him they would not draw his blood without a doctor's order and he would have to come in the next day. He also testified without objection that no hospital in the county will perform a blood test without a doctor's order.

Dr. Tillinger testified that although an emergency room will do blood work on a patient if it is indicated, he did not think an emergency room would draw blood for the purpose of testing alcoholic content without a doctor's order.

Although it is clear from appellant's cross-examination of the arresting officer that he was contesting the admissibility of the results of the blood test, he did not formally object to this evidence when it

was admitted during the testimony of the state's forensic toxicologist. Nor does it appear that he invoked any express ruling from the trial court as to its admissibility. The state does not argue that appellant's enumeration was not preserved for appellate review but rather addresses the merits. The issue is marginally raised sufficiently to warrant our consideration. OCGA § 5-6-30.

Appellant contends that the police refused to transport him to a hospital emergency room for an on-duty doctor there to draw his blood. However, there was evidence that appellant was told over the phone his blood could not be drawn until the next day unless he had a doctor's order. Appellant argues that he reached an on-call physician at a nearby hospital who would have ordered a blood test if the physician could have talked to the police over the phone, but the police refused even to talk to him. The evidence does not support this argument. Dr. Tillinger, to whom defendant refers, was not at a hospital and did not testify that he would have given an order if he had first talked to the police.

Appellant also argues that requiring him to arrange his own test at 3:00 a.m. was unreasonable, and that if the police had taken him to a hospital, he would have been able to make the arrangements in person. As to the first argument, the time of day is not shown to have imposed a greater duty on the police or to have excused defendant from making his own arrangements. As to the second argument, there is no evidence that if defendant had been taken to a hospital, a blood test likely would have been performed.

"While it is not the officer's duty to insure the performance of an independent test, he cannot prevent a defendant from exercising his right to such a test. [Cit.] The statute . . . states that 'the justifiable failure or inability to obtain an additional test shall not preclude the admission of evidence relating to the test or tests taken at the direction of a law enforcement officer.' It is incumbent on the trial court to determine whether the failure or inability to obtain the additional test is justified. In making that determination, the trial court must decide if, under the totality of the circumstances, the officer made a reasonable effort to accommodate the accused who seeks an independent test. Factors to be considered include, but are not limited to, the following: (1) availability of or access to funds or resources to pay for the requested test; (2) a protracted delay in the giving of the test if the officer complies with the accused's requests; (3) availability of police time and other resources; (4) location of requested facilities, e.g., the hospital to which the accused wants to be taken is nearby but in a different jurisdiction; (5) opportunity and ability of accused to make arrangements personally for the testing." *State v. Buffington*, 189 Ga. App. 800, 801-802 (377 SE2d 548) (1989).

*Butts v. City of Peachtree City*, 205 Ga. App. 492, 493 (2) (422

SE2d 909) (1992); *Akin v. State*, 193 Ga. App. 194 (387 SE2d 351) (1989); *Buffington*, supra; and *State v. Hughes*, 181 Ga. App. 464 (352 SE2d 643) (1987), involve law enforcement agencies which have policies of transporting DUI arrestees who request independent tests to nearby hospitals which perform such tests to persons who appear and are able to pay for them. See also *Lovell v. State*, 178 Ga. App. 366, 368 (2) (343 SE2d 414) (1986).

However, there is no evidence that there was a hospital in the locality of defendant's arrest which would have performed a blood test on him without a doctor's order if the officer had transported him there. Absent such evidence, there was no duty on the part of the officer to transport defendant to Memorial Hospital, and the officer satisfied his duty by informing defendant of his right to an independent test and giving him the opportunity to make arrangements for one by providing him with a telephone and telephone book. See *Lovell*, supra; *Harper v. State*, 164 Ga. App. 230 (1) (296 SE2d 782) (1982); compare *Butts*, supra; *Akin*, supra; *Buffington*, supra; *Hughes*, supra.

"Where a defendant makes no arrangements to secure an independent test, the mere fact that it was not made 'fails to disclose any reason to suppress the evidence merely because the defendant was unable to obtain a test of his own choosing.' [Cit.] Before the duty of the police arises to transport a defendant to the location of the test, [defendant] must first show that he had made arrangements with a qualified person of his own choosing, that the test would be made if he came to the hospital, that he so informed the personnel at the jail where he was under arrest, and that those holding him then 'either refused or in any event failed to take him to the hospital for that purpose.' [Cit.]" *Harper*, supra at 231.

The evidence authorized a finding that under the totality of the circumstances, the officer made a reasonable effort to accommodate the accused in his request for an independent test.

*Judgment affirmed. Cooper and Smith, JJ., concur.*

DECIDED SEPTEMBER 2, 1993.

*Karen D. Barr*, for appellant.

*Spencer Lawton, Jr., District Attorney, James J. Cairns III, Assistant District Attorney*, for appellee.