A93A2139. THE STATE v. BEALL.
(440 SE2d 537)

JOHNSON, Judge.

Thomas Anthony Beall was accused of driving a motor vehicle while under the influence of alcohol. He filed a pre-trial motion to suppress the results of two breath tests. The trial court granted Beall's motion and the State appeals. We affirm.

After being stopped by the police, Beall was given several field sobriety tests and then taken to the police station for testing on an Intoximeter 3000. The testimony regarding the intoximeter test conflicts greatly. According to Beall's testimony, before the first test was administered, the police officer who was to give the test stated that he was working on the Intoximeter 3000 and that it would be a few minutes before Beall could be tested. The officer stated that the machine did not work "half of the time." At the officer's request Beall breathed into the machine. After again remarking that the Intoximeter 3000 was not working, the officer tore off and threw away the tape and ordered Beall to blow into the machine a second time, which he did. When Beall saw the results, he stated that the machine must have been wrong and asked to be tested on another machine. Although Beall made several more requests to be tested on a different machine, the officer told him that he could only be retested on the same one, despite the fact that there was another Intoximeter 3000 located in the same room. Beall was then given a second test by the same officer on the same machine. The record is silent as to what the results of either test were. Beall's wife, who was also present during testing, corroborated his testimony. The officer who administered the test, however, denied both that there was a problem with the machine and that Beall requested to be tested on a different machine. Beall filed a motion to suppress the test results claiming that he was denied the right to have an independent test as provided by OCGA § 40-6-392 (a) (3). The written order does not specify the reasons for the trial judge's grant of Beall's motion to suppress. However, at the close of the hearing the trial judge stated that if Beall wanted a second test he should have been given one on a different machine, especially considering the ready availability of another machine.

"On reviewing a trial court's ruling on a motion to suppress, evidence is construed most favorably to uphold the findings and judgment and the trial court's findings on disputed facts and credibility must be accepted unless clearly erroneous." (Citations and punctuation omitted.) *State v. Suddeth*, 207 Ga. App. 103, 105 (427 SE2d 76) (1993). We note that the State acknowledged in its closing argument that the issue of whether Beall requested an independent test on a different machine was a factual one. Construing the evidence in a light most favorable to upholding the trial court's order, we find that Beall did request testing on a different machine and that another one was readily available.

OCGA § 40-6-392 (a) allows one accused of driving under the influence of alcoholic beverages the right to have a chemical analysis of his blood, urine, breath or other bodily substance performed by a qualified person of his own choosing, in addition to any test performed at the direction of a law enforcement officer. "[T]here is a

corresponding duty on the part of law enforcement officers not to refuse or fail to allow the accused to exercise that right. . . . It is incumbent on the trial court to determine whether the failure or inability to obtain the additional test is justified. In making that determination, the trial court must decide if, under the totality of the circumstances, the officer made a reasonable effort to accommodate the accused who seeks an independent test." (Citation and punctuation omitted.) *Butts v. City of Peachtree City*, 205 Ga. App. 492, 493 (2) (422 SE2d 909) (1992).

The State argues that the officer made a reasonable effort to accommodate Beall and that if Beall wanted to be tested on another machine, he was responsible for making those arrangements, which he failed to do. Under the particular facts of this case, this argument is without merit. The reliability of that particular machine was called into question after the officer made admissions in the presence of Beall and his wife that the machine was not functioning properly. Under these circumstances, we find that Beall's request to be tested on another machine constituted an assertion of his right to an independent test pursuant to OCGA § 40-6-392 (a) (3). Considering the fact that another functioning Intoximeter 3000 was available, the trial court was authorized to find that the officer did not make a reasonable effort to accommodate Beall's requests to obtain an independent test. See *Butts*, supra at 493-494; compare *Caldwell v. State*, 202 Ga. App. 729, 730 (2) (415 SE2d 653) (1992) (accused not deprived of opportunity to obtain independent test where he failed to specifically request a different type of test in a timely fashion). We also note that under the particular facts of this case the trial court would have been authorized to find that the particular Intoximeter 3000 machine used for the test was not functioning properly and suppressed the test results on that basis.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 2, 1994.

*Keith C. Martin, Solicitor, Elizabeth A. Baker, Assistant Solicitor,* for appellant.
*Paul S. Weiner,* for appellee.