A01A1294. AVANT v. THE STATE.
(554 SE2d 194)

MIKELL, Judge.

After a bench trial, Duane Scott Avant was convicted of driving under the influence of alcohol to the extent that it was less safe for him to drive and driving with an unlawful alcohol concentration.[1] Avant appeals the denial of his motion to suppress his breath test results on the grounds that his request for an independent blood test was denied. We affirm.

On appeal from the denial of a motion to suppress, "[w]here the evidence is uncontroverted[,] and there is no issue as to witness credibility, . . . we review de novo the trial court's application of the law

---

[1] OCGA § 40-6-391 (a) (1), (5).

to the undisputed facts."[2]

The uncontroverted evidence shows that Officer J. Sellers of the Doraville Police Department arrested Avant for DUI at approximately 1:06 a.m. on May 17, 1999. Immediately thereafter, Sellers read to Avant the Georgia Implied Consent Notice. Avant consented to the breath test and was driven approximately three miles to the Doraville Police Department to take the test. Before leaving the scene, Sellers allowed Avant to call someone to pick up his vehicle since Avant did not want it towed.

Sellers administered the Intoxilyzer 5000 breath test to Avant at the police station. Because Avant's first breath sample registered 0.141 grams of alcohol, and his second, 0.137 grams of alcohol, Sellers charged him with DUI. Avant then asked for an independent blood test. Sellers testified that he replied, "Do you have any money for it because you have to pay for it," and Avant told him that he did not have cash or credit. Sellers also told Avant that Dunwoody Medical Center was the closest hospital and that all of the hospitals would require payment.

Sellers testified that he could not remember whether he or Avant placed the call to Dunwoody Medical Center, but Sellers did recall that he actually spoke with a phlebotomist during the phone call. The phlebotomist verified that the hospital would not give Avant a blood test if he did not have cash, a credit card, or a check to pay for it. Sellers testified that after the call, Avant seemed resolved that he was not going to secure an independent test. On cross-examination, Sellers admitted that he did not volunteer to Avant that he could call someone to bring him money or inquire as to whether Avant could obtain money in any other way.

Because he did not secure the independent test, Avant moved to suppress his breath test results. The trial court denied his motion and convicted him of DUI. In his sole enumeration of error, Avant challenges the trial court's denial of his motion to suppress.

OCGA § 40-6-392 (a) (3) provides that a person charged with a violation of OCGA § 40-6-391 who undergoes a chemical test at the request of a law enforcement officer is entitled to have a qualified person of his own choosing administer an additional test. Law enforcement officers have a corresponding duty not to refuse or fail to allow an accused to exercise the right to have an independent test.[3] We find that in this case the evidence shows that the officer did not interfere with Avant's ability to secure an independent test, but made a reasonable effort to accommodate his request to do so.[4]

---

[2] *State v. Becker*, 240 Ga. App. 267, 268 (523 SE2d 98) (1999).

[3] *State v. Button*, 206 Ga. App. 673, 674 (426 SE2d 194) (1992).

[4] But see *Smith v. State*, 250 Ga. App. 583 (552 SE2d 528) (2001). In that case, we

Avant does not dispute that he was properly advised of his rights to obtain an independent test. He requested the test, but did not specify the personnel or place at which he wished to have the test administered. Sellers had no obligation to force Avant to choose or contact any particular hospital.[5] Sellers informed Avant that he would have to pay for the test at whatever facility he chose and called the local hospital so that Avant could attempt to arrange a blood test. There is no evidence in the record that by making these statements, Sellers was attempting to mislead Avant or otherwise dissuade him from calling other hospitals to arrange the test.

In *Pruitt v. State*,[6] we held that the defendant was not impeded from obtaining an independent test based on facts strikingly similar to those in the instant case. In *Pruitt*, the officer suggested the hospital at which the defendant could obtain the test, called the hospital and gave the phone to the accused. However, no additional test was performed because the accused was ultimately unable to pay for it. Similarly here, the defendant was unable to pay for the test, and the officer suggested a hospital and called or allowed the defendant to call that hospital to arrange the test. The fact that the officer told defendant that he would have to pay for the test at whichever facility he chose does not constitute a denial of the defendant's right to obtain the test.[7] As in *Pruitt*, the facts in this case "support the trial court's findings that the officer made a reasonable effort to accommodate defendant's efforts to obtain an independent test and that he was not impeded from doing so by any conduct on the part of law enforcement."[8] Accordingly, we affirm.

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED AUGUST 9, 2001.

*Charles G. Harbin, Jr.*, for appellant.

---

reversed the defendant's DUI convictions because the officer made absolutely no effort whatsoever to accommodate the defendant's request to have an independent test. The officer testified that he did not comply with the defendant's request because he thought that the defendant would bond out of jail and obtain the test on his own.

[5] *Wells v. State*, 227 Ga. App. 521, 524 (2) (489 SE2d 307) (1997) (officer's statement that he would take defendant to a local hospital did not violate OCGA § 40-6-392 (a) (3) since the defendant did not object to the officer's statement and the officer had no obligation to ask defendant to choose a hospital).

[6] 203 Ga. App. 125 (416 SE2d 524) (1992).

[7] But see *State v. Terry*, 236 Ga. App. 248, 251 (511 SE2d 608) (1999) (the officer gave the defendant extraneous and misleading information, which violated her implied consent statutory privileges).

[8] *Pruitt*, supra at 126 (1).

*Gwendolyn R. Keyes, Solicitor-General, Rupal D. Vaishnav, Assistant Solicitor-General,* for appellee.