## A02A1432. THE STATE v. ANDERSON.
(572 SE2d 758)

POPE, Senior Appellate Judge.

The trial court granted Rhett Darnell Anderson's motion to suppress evidence of a State-administered blood alcohol test on the grounds that the State did not reasonably accommodate Anderson's request for an independent test. The State appeals.

The trial court found the following facts:

> [The] Defendant submitted to the State's requested breath test. The Defendant then requested an independent blood test. The police officer determined that the Defendant did not have sufficient funds on his person to afford an independent blood test. No effort was made to determine whether Defendant had additional sources from which Defendant might secure the necessary funds; nor was any effort made to allow Defendant to deal directly with the hospital to arrange a test. Thereafter, the officer refused to take Defendant to the hospital for the independent test, the officer having determined that Defendant could not afford the test.

The record shows the following additional details. The officer testified that it was his practice to make a subjective determination of whether a defendant could afford a blood test before he would take them to get one. The officer specifically asked Anderson if he had the means to pay for the blood test. Anderson responded that he had $7. The officer replied, "that wasn't enough for the blood test." The officer then asked if Anderson had any other way to pay for the test, but Anderson only responded that he had $7. The officer did not look in Anderson's wallet to see if he had any credit cards. Once he determined that Anderson did not have enough money he no longer considered taking him to the hospital. The State did not introduce evidence of the actual cost of a test at any nearby facility.

The officer testified that Anderson had an opportunity to use the telephone. But he also testified it was his practice not to offer to let defendants make telephone calls to see if they could obtain the money. He said, "We don't — once we arrest somebody we don't let them make phone calls or talk to people." Finally, the officer testified that other than determining that Anderson did not have enough money, he did not do anything to accommodate Anderson's request.

> Where an officer has failed to obtain an additional test requested by the accused person, it is incumbent on the trial court to determine whether that failure was justified. In making that determination, the trial court must decide if, under the totality of the circumstances, the officer made a reasonable effort to accommodate the accused who seeks the independent test.

(Footnotes omitted.) *Joel v. State*, 245 Ga. App. 750, 752 (538 SE2d 847) (2000). But ultimately, it is not the officer's duty to insure that

the independent test is taken. *Thornhill v. State*, 202 Ga. App. 826, 827 (2) (415 SE2d 473) (1992).

The trial court held,

> Under the totality of the circumstances in this case, the Court finds that reasonable accommodation requires more than determining what funds a defendant has on-hand, and then making a unilateral determination about the defendant's ability to pay for an independent test. This is not reasonable accommodation.

We agree with the trial court. In this case, the officer's unilateral determination that the defendant was unable to afford or otherwise obtain an independent blood test, without more, was insufficient. As stated in *Butts v. City of Peachtree City*, 205 Ga. App. 492, 494 (2) (422 SE2d 909) (1992), "[w]hen the officers learned that appellant did not have sufficient cash for a blood test at one of the recommended hospitals, appellant should have been offered the opportunity to use a telephone to make other arrangements." In that case, the police had a similar policy of not allowing a telephone call at that point in time. Id. Like in *Butts*, Anderson was never instructed by the police to personally make arrangements for the test, nor was he allowed the use of the telephone. See id. In *Butts* we found that the police had not reasonably accommodated the defendant's request. Id.

The State primarily relies on *Avant v. State*, 251 Ga. App. 165 (554 SE2d 194) (2001). In that case, after taking the State chemical test, Avant asked for an independent test and indicated that he did not have cash or credit. Id. at 166. Avant, however, was allowed to use the telephone to try to make arrangements to have a test; in fact, the officer made the call. Id. at 166-167. In the present case, Anderson was not allowed that accommodation. Compare *Cadden v. State*, 213 Ga. App. 291, 292 (444 SE2d 383) (1994) (officer willing to accommodate by allowing defendant to contact someone to bring the necessary funds).

*Judgment affirmed. Ruffin, P. J., and Barnes, J., concur.*

DECIDED OCTOBER 22, 2002.

*Gerald N. Blaney, Jr., Solicitor-General, Emilien O. Loiselle, Jr., Jeffrey P. Kwiatkowski, Assistant Solicitors-General*, for appellant.

*Whitmer & Law, George H. Law III*, for appellee.