## 55869. HOBGOOD v. THE STATE.

WEBB, Judge.

Nellie Hobgood was indicted for and convicted of voluntary manslaughter. She appeals, asserting that her statements made to police officers who were called to the scene within a few minutes after the shooting of her husband were illegally admitted in evidence, having been made while she was being interrogated in custody without having been advised of her Miranda rights; that an illegal, warrantless search of her premises occurred; and that the evidence was insufficient to support the verdict.

1. At Mrs. Hobgood's request a Jackson-Denno hearing was held prior to trial to determine the admissibility of her incriminating statements. The transcript of that hearing shows that the investigating officers received a radio call about a possible shooting. Upon arriving at the address given they encountered Mrs. Hobgood and her children leaving and asked if she would mind returning with them to the residence. When asked to show the officers where the shooting took place, she proceeded to tell them all of the details surrounding the shooting incident. At the conclusion of the crime-scene investigation Mrs. Hobgood was requested to accompany the police to headquarters, where she was fully advised of

her constitutional rights.

It is clear that the police were not interrogating Mrs. Hobgood for the purpose of obtaining evidence to establish her guilt of a crime, but were merely seeking to determine the nature of the situation confronting them. Mere threshold inquiries do not require Miranda warnings. *Jackson v. State,* 143 Ga. App. 734, 735 (1) (240 SE2d 180) (1977). The trial court's factual determination out of the hearing of the jury that Mrs. Hobgood's statements were freely and voluntarily made must be accepted by this court unless its findings are shown to be clearly erroneous, and no such showing has been made. *Rogers v. State,* 142 Ga. App. 387 (2) (236 SE2d 124) (1977) and cits.

2. Mrs. Hobgood moved to suppress from evidence the pistol, a spent shell from the pistol and a shoe she alleged her husband used to beat her, thereby provoking the shooting, on the grounds that the search was conducted without a warrant, was not a search incident to arrest, and that probable cause therefor was based on a statement obtained in violation of her constitutional rights.

The uncontradicted testimony of the investigating police officers was that Mrs. Hobgood voluntarily led them into the bedroom where she had shot her husband and gave them the pistol which she had hidden under some quilts, and that the shell and the shoe were lying in plain view on the bed. "There is no indication that the search 'went beyond that which the situation reasonably demanded,' but it appears to have been 'specifically directed to the means and instrumentalities by which the crimes charged had been committed.' Harris v. U. S., 331 U. S. 145, 150, 152, 153 (67 SC 1098, 91 LE 1399); *Abrams v. State,* 223 Ga. 216 (154 SE2d 443)." *Thomas v. State,* 118 Ga. App. 359, 363 (2) (163 SE2d 850) (1968) (U. S. cert. den. 394 U.S. 943). The trial court did not err in overruling the motion to suppress.

3. Mrs. Hobgood made spontaneous declarations of an incriminating nature to a neighbor who came to her home to help her and to an ambulance attendant, which were prior and similar to her initial statements made to the investigating police officers. None of these witnesses

observed any signs of physical assault to her person. This evidence was ample to support the conviction.

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

SUBMITTED JUNE 7, 1978 — DECIDED JUNE 27, 1978 — REHEARING DENIED JULY 14, 1978.

*Brantley & Loggins, Samuel J. Brantley,* for appellant.

*Charles A. Pannell, Jr., District Attorney, Patricia J. Croft, William W. Keith, III, Assistant District Attorneys,* for appellee.