## 61111. CHESTER v. THE STATE.

BANKE, Judge.

The appellant appeals his conviction for robbery. The sole enumeration of error concerns the admission into evidence of an incriminating statement made by the appellant over objection that his right to counsel and to remain silent had not been adequately explained to him.

Officer Lemming testified that he received a call in his patrol car that there had been a robbery at a "7-11" store and that the appellant was a suspect. He proceeded to the residence of appellant's girl friend upon receiving information that appellant could be found there. The automobile described by witnesses as the one driven from the crime scene was located at the residence. The officer testified that the hood of the automobile was hot, indicating that it had recently been driven. The officer knocked on the door and was invited in by the appellant and his friend. They were asked "where they had been for the last little bit." Their reply was to the effect that they had not left the house for several hours. Upon being asked the same question a second time, the appellant answered that he had not robbed anybody. No Miranda warnings preceded the questions or the answers. *Held:*

The well-established rule as announced by the United States Supreme Court is that "the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." Miranda v. Arizona, 384 U. S. 436, 444 (86 SC 1602, 16 LE2d 694) (1966).

The appellant had not been arrested at the time of the damaging statement. However, he argues that the requirement for Miranda warnings existed because the focus of the investigation was on him and because he was, in fact, in police custody. The state argues that the appellant was not in custody and that his statement was both volunteered and spontaneous.

This court has held on a number of occasions that such questions as were put to appellant here amounted to permissible "threshold inquiries." *Jackson v. State,* 143 Ga. App. 734 (1) (240 SE2d 180) (1977); *Gainer v. State,* 144 Ga. App. 703 (1) (242 SE2d 286) (1978); *Hobgood v. State,* 146 Ga. App. 737 (1) (247 SE2d 517) (1978). Although the focus of investigation was upon the appellant, we conclude that he was not in custody, and that his volunteered

response was admissible in evidence. See *Kemp v. State,* 227 Ga. 251 (179 SE2d 920) (1971); and *Jackson v. State,* supra.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED JANUARY 20, 1981 —

*Kenneth C. Fuller,* for appellant.
*F. Larry Salmon, District Attorney,* for appellee.

*Judgment affirmed. Deen, C. J., and Carley, J., concur.*