## 65248. WARD v. THE STATE.

BIRDSONG, Judge.

Robert Ward was convicted of three counts of burglary and sentenced to serve 12 years. After serving approximately five years and while incarcerated at a correctional institution in Floyd County, Ward and another prisoner left the institution without permission or otherwise being properly released. There was uncontradicted evidence that Ward left the confines of the correctional institution at about 7:30 on a morning in July, 1981, and did not report to his

regularly assigned place of duty. He was missed at about 8:00 a.m. and diligent search failed to disclose his whereabouts. He was next seen when he was released from jail in Alabama in January, 1982 back into the custody of the Floyd County institutional officers. In order to establish the legality of the incarceration in Floyd County, the state introduced, over objection, photocopies of the records of conviction for burglary in Whitfield County Superior Court. The certification and seal were furnished by an officer of the Department of Offender Rehabilitation which officer was required by law to keep the records on file. Trial defense counsel objected to the admissibility of the records on the grounds that the records should have been certified by the Clerk of the Superior Court of Whitfield County, the county where the records originated. The documents were admitted to establish the fact of lawfulness of incarceration. Ward was convicted in the instant case for escape and sentenced to serve five years consecutively to any earlier sentences. He filed the present appeal asserting two errors. *Held:*

1. Ward argues the certification of the records violated Code Ann. § 38-601 (OCGA § 24-7-20 (Michie, 1982)) because the certification was not by the Superior Court of Whitfield County, the source of the original document. This enumeration is not well taken. If the record is required to be kept on file, the custodian of the records of that office may certify the records and that certification is sufficient to qualify the record for admission into evidence. See *McIntyre v. Balkcom,* 229 Ga. 81 (2) (189 SE2d 445); *Brantley v. State,* 121 Ga. App. 79, 80 (172 SE2d 852).

2. In his second enumeration Ward complains he was denied a continuance, thus denying counsel an adequate opportunity to prepare for trial. Counsel urges that he had inadequate time to confer with Ward or to call witnesses in Ward's behalf. Ward wished to offer evidence tending to show he worked to support his mother while he was absent from jail and that his mother's illness was what prompted him to abscond. However, none of these witnesses was subpoenaed; though one was in the prison system, one was out of state, and the location or availability was not shown as to the others.

Mere shortness of time for preparation by counsel does not ipso facto show a denial of the rights of an accused. Something more is required. *Carnes v. State,* 115 Ga. App. 387, 388 (154 SE2d 781). Where there is no convoluted case or one without a large number of witnesses or intricate defenses, denial of a continuance merely because of shortness of time will not reflect an abuse of discretion. *Pope v. State,* 140 Ga. App. 643, 644 (231 SE2d 549). Moreover, a motion for continuance to obtain witnesses must meet eight statutory requirements before this court will review the trial court's discretion

in denying the motion. *Keller v. State,* 128 Ga. App. 129, 130 (195 SE2d 767). In this case appellant did not show the availability of the witnesses, that they might not be absent with his own consent, or even what any particular witness might contribute. Moreover, the evidence pertained to mitigatory evidence only and did not go to the merits of any defense. We can find no abuse of discretion under such circumstances. See *Huff v. State,* 141 Ga. App. 66 (232 SE2d 403).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED JANUARY 18, 1983.

Leon Sproles, for appellant.

*F. Larry Salmon, District Attorney, William Boling, Jr., Assistant District Attorney,* for appellee.