### 66207. COFER v. THE STATE.

BANKE, Judge.

The defendant appeals his convictions for one count of aggravated assault and three counts of armed robbery. The victims of

the robberies were the proprietor and two employees of Joe's Transmission Service in Rome, Georgia. The assault victim was the proprietor's wife, who was also on the premises when the robberies occurred. Each testified that the crimes were committed by three men wearing jump suits and ski masks. *Held:*

1. The defendant's first contention is that the state failed to provide sufficient corroboration for the testimony of an accomplice. "When an accomplice's testimony is corroborated in material part, other uncorroborated testimony may be believed by the jury, with one important exception. Under § 38-121, [former Code Ann. § 38-121, OCGA § 24-4-8], testimony which concerns the identity of other participants must be corroborated by some means independent of the testimony of the accomplice. One who is guilty of a crime in which he participated will always be able to relate the facts of the case and if the corroboration goes only to the truth of that history, without identifying the person accused, it is really no corroboration at all . . . This means that an accomplice's testimony is more believable when it is corroborated in material part. But, insofar as the participation and identity of the accused is concerned, there must be independent corroborating evidence which tends to connect the *accused* with the crime." *West v. State,* 232 Ga. 861, 865 (209 SE2d 195) (1974).

The state presented evidence showing that the victims were each handcuffed with a pair of inexpensive handcuffs made in Taiwan. The manager of the Rome Army Store testified that he had sold the defendant two or three pairs of such handcuffs earlier in the same month that the robberies took place, and he recalled the sale as seeming unusual because of the number of pairs purchased and because he had never before sold this type of handcuff to an adult unaccompanied by a child.

The defendant testified that he had visited Joe's Transmission earlier on the evening of the robberies and that he was out of work at the time. One of the victims testified that a few days before the robberies, the defendant had disclosed to him that "he was broke." This witness also testified that over $9,000 in cash was taken during the robbery, and it was shown that the defendant had more than $1,000 in cash on his person when he was arrested several days after the crimes were committed. In addition, it was shown that the defendant had made several long distance phone calls to Emma's & Brown's bar in Chattanooga, Tennessee, just prior to the robberies and that Emma's & Brown's was operated by Luther Brown, who was identified by the accomplice as the third participant in the crimes. A search of Brown's car at the time of his arrest turned up jump suits, ski masks, three weapons similar to those used in the robberies, and several sets of cheap handcuffs.

"[E]vidence corroborating the accomplice's testimony does not have to be sufficient in and of itself to support a verdict of guilty; circumstantial evidence tying the defendant to the crime and justifying an inference of guilt is satisfactory." *Gunter v. State,* 243 Ga. 651, 655 (256 SE2d 341) (1979). Such evidence is present in this case.

2. The defendant also enumerates as error the admission into evidence of pictures and testimony concerning the items found in Brown's car, contending that these were irrelevant and immaterial. It follows from our discussion in Division 1 that this evidence was both material and relevant. See generally, *Guest v. State,* 155 Ga. App. 374 (1) (270 SE2d 904) (1980).

3. On cross-examination, the defendant's counsel questioned a police detective as follows: "Q. Mr. Gray, how do you know [the defendant]? A. Do you want me to answer that? Q. Yes. A. Through his criminal record."

Counsel moved for a mistrial complaining that the state had improperly placed the defendant's character in evidence, and the trial court denied the motion, noting that after both questions there had been a long pause before the witness answered. Although the judge indicated that he would instruct the jury to disregard the testimony, no such instruction was given, nor was the matter alluded to again in any way. "Where counsel elicits testimony unfavorable to his client, he will not be heard to object to it, no matter how prejudicial it may be, if it is a direct and pertinent response to the question propounded." *Rozier v. State,* 126 Ga. App. 336 (1) (190 SE2d 627) (1972). Based on this principle, we hold that no error was committed in denying the motion for mistrial.

4. The defendant was indicted as a second offender recidivist based upon a previous mail theft conviction in the United States District Court for the Eastern District of Tennessee, and he was accordingly sentenced to three life sentences plus 10 years pursuant to former Code Ann. § 27-2511 [now OCGA § 17-10-7]. That code section provided as follows: "If any person who has been convicted of an offense and sentenced to confinement and labor in the penitentiary shall afterwards commit a crime punishable by confinement and labor in the penitentiary, he shall be sentenced to undergo the longest period of time and labor prescribed for the punishment of the offense of which he stands convicted: Provided, however, any person who, after having been three times convicted under laws of this state of felonies, or under the laws of any other state or of the United States, of crimes which, if committed within this state would be felonies, commits a felony within this state other than a capital felony, must upon conviction of such fourth offense, or of

subsequent offenses, serve the maximum time provided in the sentence of the judge based upon such conviction, and shall not be eligible for parole until the maximum sentence has been served. For the purpose of this section conviction of two or more crimes charged on separate counts of one indictment or information or in two or more indictments or informations consolidated for trial, shall be deemed to be only one conviction."

The Georgia Supreme Court, construing a 1910 version of this statute which was identical insofar as its application to second offenders was concerned, held that only Georgia convictions would provide the predicate for second-offender treatment. See *Lowe v. State,* 179 Ga. 742 (177 SE 240) (1934). The statute has twice been amended by the General Assembly since the 1934 *Lowe* decision, without alteration of the language at issue in that case. The provision dealing with fourth offenders was added in 1953 and, of course, it specifically encompasses both prior federal convictions and prior convictions in other states. See Ga. L. 1953, pp. 289, 290. The statute was again amended in 1974 to delete a reference to jury sentencing. See Ga. L. 1974, pp. 352, 355. While it is distinctly possible that the failure to make the procedures for the two classes of repeat offenders consistent with one another was inadvertent, we have no basis upon which to presume that this was the case but are instead bound by our prior interpretation of the statutory language in question. The defendant's convictions are accordingly affirmed with direction that the defendant be resentenced without reference to former Code Ann. § 27-2511.

*Judgment affirmed and case remanded for resentencing. Deen, P. J., and Carley, J., concur.*

DECIDED APRIL 28, 1983.

*Douglas D. Slade, Sr.,* for appellant.
*F. Larry Salmon, District Attorney, Robert D. Engelhart, Assistant District Attorney,* for appellee.