## 68620. TUCKER v. THE STATE.
### (321 SE2d 817)

BIRDSONG, Judge.

This is an appeal from a conviction for sale of marijuana. The defense was essentially misidentification. The evidence showed that the "buy" was made in October 1983, by a new police recruit acting as an undercover agent; the officer had joined the police force less than a week before he allegedly bought marijuana from a man he met briefly and whose street name he learned was WeeWee. He turned the marijuana over to senior vice squad officers and was told to learn WeeWee's real name. He saw WeeWee briefly two or three more times and was told by another that WeeWee's name was Henry Lee. When he conveyed this information to his superiors, they showed him a photograph (mug shot) of Henry Lee Tucker, and the undercover officer identified him as WeeWee.

On February 7, 1984, appellant Tucker was indicted. This was a Tuesday. On Friday, February 10, counsel was appointed to represent appellant. The case was called for jury trial on Monday, February 13, and a jury was selected and sworn that day. The trial began Wednesday, February 15. Appellant's attorney filed a motion for continuance on the day scheduled for trial, Monday, February 13, but this was denied, as was the oral motion made on the day of trial. The written motion for continuance asserted the threat of severe punishment and Tucker's constitutional right to effective assistance of counsel and stated that counsel "has been unable to effectively prepare for trial in such a short time [and] would not be prepared to render effective representation if the case proceeds to trial as now scheduled." He was found guilty and sentenced to ten years confinement. *Held*:

1. The trial court did not err in denying appellant's motion for continuance. The granting of requests for continuance is generally left to the sound discretion of the trial judge. OCGA § 17-8-22.

Mere shortness of time does not by itself show a denial of the rights of the accused (*Bolick v. State*, 127 Ga. App. 542, 545 (1) (194 SE2d 302)), and denial of a continuance merely because of shortness of time will not reflect an abuse of discretion, where there is no convoluted case or one without a large number of witnesses or intricate defenses. *Pope v. State*, 140 Ga. App. 643, 644 (231 SE2d 549). To say otherwise would deprive the trial court of any discretion. Appellant has not shown in this case that he was prevented from obtaining and producing any witnesses or evidence, nor that the case was complicated and required more time in preparation, or that further delay would have gained him any palpable advantage. *Ward v. State*, 165 Ga. App. 163 (300 SE2d 528). The denial of the motion for continuance was not an abuse of discretion.

2. The in-court identification of appellant was not subject to sup-

pression, because it was of independent origin from any pre-trial identification. *McCoy v. State*, 161 Ga. App. 97, 99 (289 SE2d 301); *Price v. State*, 159 Ga. App. 662 (284 SE2d 676); *Foster v. State*, 156 Ga. App. 672, 673 (275 SE2d 745).

3. Appellant was not entitled to a mistrial based on the police officers' reference to appellant's "mug shot from a previous arrest." The record shows the response was a direct and pertinent reply to defense counsel's repeated inquiry as to how the police knew to arrest appellant. *Cofer v. State*, 166 Ga. App. 436, 438 (304 SE2d 537); *Steele v. State*, 166 Ga. App. 24, 27 (303 SE2d 462). Moreover, the trial court gave full curative instructions at appellant's request, after which further instructions were not requested and the motion was not renewed. *Jones v. State*, 166 Ga. App. 302, 304 (304 SE2d 110).

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 12, 1984.

*Kenneth A. Smith*, for appellant.

*Arthur E. Mallory III, District Attorney, James M. Garcia, Assistant District Attorney*, for appellee.