## 75149. JOHNSON v. THE STATE.
(364 SE2d 609)

BEASLEY, Judge.

Defendant, convicted of a 1979 escape under Code Ann. § 26-2501 (now OCGA § 16-10-52), appeals on the ground that he was improperly denied a continuance.

Defendant turned himself in to officers on September 23, 1986. Apparently he initially pled guilty to the escape charge. He then withdrew his plea in November and remained incarcerated until his April 1987 trial.

While it does not appear when defendant asked for appointed counsel or why one was not appointed earlier, the record does show that counsel was appointed on Thursday, April 16. The case was called on Monday, April 20, and defendant asked for a continuance. So did counsel, on the ground that he had had inadequate time to prepare and that he was unable to locate one of the State's listed witnesses.

Defendant testified at the trial and did not deny the escape but contended that one of the deputies (not the absent witness) impliedly authorized him to escape.

As to the request for continuance based on a missing witness, none of the requirements of OCGA § 17-8-25 for obtaining a continuance on this ground were met. " 'Each of the requirements . . . must be met before an appellate court may review a trial judge's discretion in denying a motion for continuance based upon the absence of a witness.' [Cit.]" *Curry v. State,* 177 Ga. App. 609 (1) (340 SE2d 250) (1986). See *Hullender v. State,* 256 Ga. 86, 90 (2) (344 SE2d 207)

(1986).

The second ground, inadequate time for counsel to prepare for trial, also must fail. The granting of continuances is a matter generally left to the trial court's discretion. OCGA § 17-8-22. "Mere shortness of time does not by itself show a denial of the rights of the accused [Cit.], and denial of a continuance merely because of shortness of time will not reflect an abuse of discretion, where there is no convoluted case or one without a large number of witnesses or intricate defenses. [Cit.] To say otherwise would deprive the trial court of any discretion." *Tucker v. State*, 172 Ga. App. 86 (1) (321 SE2d 817) (1984). Here, three witnesses were called by the State and the issue was relatively simple. Defendant admitted threatening guards and leaving custody. Counsel did not state what he needed the additional time for, other than to talk to the State-listed witness, who was not in fact called to testify. It cannot be said that the denial of continuance was an abuse of discretion. *Beard v. State*, 178 Ga. App. 265 (1) (342 SE2d 751) (1986).

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED JANUARY 4, 1988.

*C. Gerald Spencer, Bradfield M. Shealy*, for appellant.

*H. Lamar Cole, District Attorney, James E. Hardy, Assistant District Attorney*, for appellee.