A89A0667. SCOGGINS v. THE STATE.
(382 SE2d 695)

DEEN, Presiding Judge.

Appellant Scoggins was tried and convicted on three counts of possession of controlled substances, in violation of the Georgia Controlled Substances Act. The substances were found during a search, conducted pursuant to a valid search warrant, of appellant's residence and garage. While the search was in progress, appellant and one of the investigating officers were standing in the yard chatting, and appellant made a casual remark indicating ownership of the vintage automobile housed in the garage. A quantity of marijuana was later found in the garage, after a search of the house had yielded quantities of two other controlled substances. When the contraband substances were brought into the yard, Scoggins stated that the contraband belonged to him alone and not to his wife. On appeal Scoggins enumerates as error the trial court's admission of the cited statements because he had not received *Miranda* warnings when they were made. *Held*:

Examination of the record reveals that appellant's enumeration is without merit. The trial court held a *Jackson-Denno* hearing and expressly found that the statements "were made freely and voluntarily . . . and without any solicitation by the officer." In *Hobgood v. State*, 146 Ga. App. 737 (247 SE2d 517) (1978), this court held in a similar factual situation: "The trial court's factual determination out of the hearing of the jury that [defendant's] statements were freely and voluntarily made must be accepted by this court unless its findings are shown to be clearly erroneous, and no such showing has been made. [Cit.]" Id. at 738. Accord *Chester v. State*, 157 Ga. App. 191 (276 SE2d 684) (1981). At the time the statement regarding ownership of the vintage Chevrolet was made, Scoggins was clearly not in custody, even though, as in *Chester*, supra, "the focus of the investigation was upon the appellant." Id. See also *Jackson v. State*, 143 Ga. App. 734, 735 (240 SE2d 180) (1977), wherein this court held that appellant's initial statement, made after evidence more conclusive than that initially found in the instant case had been obtained, "was spontaneous and made when she was not in custody, even though under strong suspicion."

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED MAY 23, 1989.

*Edward F. Hurley*, for appellant.
*Ralph Van Pelt, District Attorney, James Franklin, Assistant District Attorney*, for appellee.