## A92A0591. FORD v. THE STATE.
(421 SE2d 294)

ANDREWS, Judge.

Ford was convicted for violating the Georgia Controlled Substances Act and appeals.

1. In her first enumeration of error, Ford contends that the trial court erred in ruling that her statements were voluntary and admissible because she was not properly notified of her constitutional rights pursuant to *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966). Pretermitting the issue of whether Ford properly challenged the voluntariness of the statements at trial, we find this enumeration without merit.

The court conducted a hearing regarding the statements and testimony from the investigating officer was that pursuant to receiving a search warrant, he went to Ford's house. He entered, introduced himself and stated his purpose, and asked if the defendant had any cocaine that was hers in the house. She admitted that she did and pro-

duced the drug, whereupon the officer immediately advised her of her rights, whereupon she made more statements. Defendant was arrested several months later.

Appellant's arguments that her statements and actions prior to the giving of the *Miranda* warnings were inadmissible because the officer's inquiry exceeded the scope of initial investigation and because she was in custody at the time are meritless. "Threshold inquiries of the type to which appellant apparently objects do not fall within the custodial interrogation protections afforded by the Miranda rule. [Cits.]" *Birge v. State*, 143 Ga. App. 632, 637 (8) (239 SE2d 395) (1977); see also *Riviera v. State*, 190 Ga. App. 823 (1) (380 SE2d 353) (1989); *Scoggins v. State*, 191 Ga. App. 643 (382 SE2d 695) (1989). "A person is not entitled to *Miranda* warnings as a matter of right, even though that person is a suspect, unless that person had been taken into custody or has been deprived of freedom of action in another significant way. Although the focus of the investigation may be on defendant, [s]he must also be in a custodial situation for *Miranda* to apply." (Punctuation and citations omitted.) *Brinson v. State*, 191 Ga. App. 151, 152 (4) (381 SE2d 292) (1989); compare *State v. Nelson*, 261 Ga. 246 (1) (404 SE2d 112) (1991). Such a situation was missing here and there was no error in the trial court's decision.

2. In her second enumeration of error, Ford contends that the evidence was insufficient to satisfy the requirements of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Our review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offense of which she was convicted.

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED JUNE 16, 1992 —
RECONSIDERATION DISMISSED JULY 14, 1992.

*Richard L. Dickson, J. Michael Mullis,* for appellant.
*Harry N. Gordon, District Attorney, James B. McClung, Assistant District Attorney,* for appellee.

