## A92A1575. JORDAN v. THE STATE.
(424 SE2d 852)

SOGNIER, Chief Judge.

Curtis Jordan was convicted in a bifurcated trial of aggravated assault and possession of a firearm by a convicted felon. He appeals from the denial of his motion for new trial.

1. Appellant contends the evidence was insufficient to support the verdict as a matter of law. The testimony presented at trial by several eyewitnesses established that on the night of June 1, 1990, appellant and Kenny Lewis went in appellant's Chevrolet Blazer to the "Bottom," a commercial area in downtown Soperton where several bars were located and where patrons often congregated outside the establishments. Appellant and John Leon Strong began arguing, and Strong beat appellant. Lewis testified that when he tried to break up the fight, Strong's friend Henry Lee Cummings stopped him. Soperton Police Officer Kemp, who was patrolling the area on foot, separated the two men and arrested Strong, whom he booked and released.

Appellant and Lewis left the Bottom, went to appellant's home, and then returned to the Bottom about 30 minutes later. Lewis testified that as appellant drove past Strong's parked truck, Strong called out to appellant "oh, you've come back for some more." Lewis stated that appellant stopped, got out of the Blazer, and fired one shot, hitting Strong in the head. When appellant jumped back into the Blazer and drove away, Lewis saw a revolver in his hand. Lewis testified that when a police patrol car began chasing them a few blocks later, appellant threw the gun out his window and then stopped the Blazer a half block away.

Lewis, bystander Tom Polk, and Cummings, who was seated in the passenger seat of Strong's truck when Strong was shot, recalled hearing only one gunshot. Officer Kemp also testified that he ran to the scene when he heard a single shot. Polk and Kemp both testified that they looked into Strong's truck and saw no weapon, and Cummings also stated he did not see Strong with a weapon when the shooting occurred. Strong's brother testified that as a result of the shooting Strong is totally disabled, cannot walk or talk, and does not

recall the shooting.

Evidence adduced during the trial of the weapons charge established that a deputy sheriff who searched the area where appellant was stopped after the shooting found a .38 caliber Smith & Wesson revolver in a ditch. Lewis testified that the revolver police retrieved looked similar to the one he saw in appellant's hand after he shot Strong. A certified copy of appellant's prior felony conviction in Florida was admitted into evidence.

We find this evidence satisfies the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979) and was sufficient to authorize the jury to conclude beyond a reasonable doubt that appellant did not act in self-defense and was guilty of the charged crimes. See *Powell v. State*, 201 Ga. App. 188 (1) (410 SE2d 378) (1991); *Murray v. State*, 180 Ga. App. 493-494, 495 (4) (349 SE2d 490) (1986). Although no witness testified with absolute certainty that appellant had been in possession of the revolver introduced into evidence, the conviction for firearm possession was authorized because the testimony from eyewitnesses who saw appellant with a gun constituted direct evidence of possession of a firearm.

2. Appellant contends the trial court failed to adhere to the procedure set forth in *McKaskle v. Wiggins*, 465 U. S. 168, 177-179 (104 SC 944, 79 LE2d 122) (1984) concerning limitations on the role of standby counsel once a defendant decides to represent himself. Our review of the transcript persuades us that *McKaskle* is not applicable because appellant waived his right to represent himself. See id. at 182-183. Rather than unequivocally asserting his right of self-representation, appellant repeatedly stated that he did wish to have counsel, and he solicited and acquiesced in standby counsel's assistance on several occasions. Indeed, appellant's only objection to the court's appointment of the public defender to represent him was that he believed the court had not given the public defender ample time to prepare the case. Nonetheless, even if we construe appellant's statements midway through the trial as an expression of his intention to represent himself, the trial court did follow the requirements of *McKaskle* by explaining to the jury that appellant was representing himself and that the public defender was remaining in the courtroom to assist the court; by continuing to ask appellant whether he wished to question witnesses or present arguments; and by permitting appellant to present objections and closing argument. See id. at 178-179.

3. Appellant contends he was denied effective assistance of counsel because the public defender appointed to represent him was not given a sufficient continuance. On the morning of the trial, appellant informed the court that he had released his retained counsel and had been unable to procure a replacement. The court then appointed the public defender to represent appellant. After the jury was selected,

appellant requested a continuance for the public defender to prepare for trial, and the court granted a recess of two-and-one-half days. When the trial reconvened, appellant repeatedly interrupted the proceedings to complain that his counsel had not been given adequate time to prepare. In response, the public defender detailed for the court the preparation he had undergone for the trial, which included reviewing the State's complete file, discussing the case with appellant and Lewis, researching applicable law, and subpoenaing witnesses.

To establish that counsel's representation was constitutionally insufficient, appellant must show 1) counsel's performance was deficient; and 2) counsel's errors prejudiced the defense — i.e., that they were so serious as to deprive the defendant of a fair trial. *Davenport v. State*, 172 Ga. App. 848, 851-852 (325 SE2d 173) (1984). We find that neither element has been shown in this case. Appellant has not identified any errors in the public defender's conduct of the trial, and our review of the record has not disclosed any evidence of constitutionally inadequate performance. Since the State allowed appellant's counsel to review the entire prosecution file, counsel was able to read the witness statements of all witnesses in the State's file, and the transcript demonstrates that at trial he cross-examined them thoroughly. Given the preparation counsel outlined, and considering that this case was relatively uncomplicated, the trial of both charges having been completed in one day, we do not find that the continuance granted was so inadequate as to preclude counsel from preparing sufficiently for trial. Compare *Johnson v. State*, 185 Ga. App. 475 (364 SE2d 609) (1988) with *Williams v. State*, 144 Ga. App. 410 (1) (241 SE2d 261) (1977).

Moreover, appellant has not shown prejudice. The only thing he contends counsel was unable to do was to obtain his Blazer from the bank that had repossessed it. Appellant maintains the vehicle was essential to his defense of self-defense, apparently because he believes the Blazer has holes from bullets fired at him by Strong. However, the testimony of the numerous witnesses completely contradicts this theory of the evidence. Additionally, appellant could have cross-examined any of the eyewitnesses on this point, but he did not do so. Accordingly, the trial court did not err by rejecting appellant's claim of ineffective assistance of counsel.

4. The record is devoid of support for appellant's characterization of the events upon which his third enumeration of error is based, and accordingly that enumeration is without merit.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED NOVEMBER 4, 1992.

*Harold D. McLendon*, for appellant.
*Ralph M. Walke, District Attorney*, for appellee.