A94A0396. GIBBS v. THE STATE.

(443 SE2d 708)

BEASLEY, Presiding Judge.

In 1978 Gibbs was convicted of one count of rape, OCGA § 16-6-1, and two counts of armed robbery, OCGA § 16-8-41. He was sentenced to life imprisonment and two twenty-year terms to be served consecutively. Almost five months after judgment, he filed a pro se motion for out-of-time appeal, which the court treated as an application for habeas corpus relief and denied. Application for habeas relief was made in 1990, but the court found that all claims either were or could have been raised in what it regarded as the prior habeas application and denied relief. The next year Gibbs filed a pro se application for a writ of habeas corpus in federal court. On September 15, 1992, that court ordered that a writ would issue "unless the State within 120 days appoints counsel for Applicant and grants him leave to file an out-of-time appeal."

Leave was granted, as was leave to file a motion for new trial based upon a claim of ineffectiveness of counsel. Due to its timing, it constituted an extraordinary motion, as permitted by OCGA § 5-5-41. See *King v. State*, 208 Ga. App. 77, 81-83 (430 SE2d 640) (1993) (Beasley, P. J., concurring specially). It could not have been an "out-of-time" motion as such because the law prohibits extensions of time for motions for new trial. OCGA § 5-6-39 (b).

After an evidentiary hearing on the motion, it was denied. A notice of appeal from this denial alone finally brings the case to this court. The notice of appeal specifically states it is from the order denying the motion and makes no reference to the judgment of conviction. OCGA § 5-6-35 (a) (7) requires such an independent appeal to proceed by application. Since a direct appeal was permitted but not properly taken, the appeal must be dismissed. *Hooks v. State*, 210 Ga. App. 171 (435 SE2d 617) (1993). In the interest of finality and to avert a claim of ineffective appellate counsel, we will consider the enumerations as though they were properly before the court.

1. Gibbs asserts that his trial counsel was ineffective. " '[D]efendants seeking to show that their counsel was ineffective must show: 1) their counsel's performance was deficient and 2) . . . the deficient performance prejudiced the defense. (Id.) at 687.' [Cits.] The failure to establish either element of the test will result in the denial of defendant's claim of ineffective counsel. [Cit.] 'A trial court's finding that a defendant has not been denied effective assistance of trial counsel will be affirmed unless clearly erroneous. [Cit.]' [Cit.]" *Scapin v. State*, 204 Ga. App. 725 (420 SE2d 385) (1992). "There is a strong presumption that trial counsel's performance 'falls within the wide range of reasonable professional assistance,' and that any challenged action by trial counsel ' "might be considered sound trial strategy." ' [Cit.]" *Ferrell v. State*, 261 Ga. 115, 119 (401 SE2d 741) (1991).

Gibbs contends trial counsel was ineffective because of a variety of omissions. The trial court's order denying the motion to suppress, based upon the evidence presented at the hearing on the motion, is well reasoned, thorough, and complete. We expressly adopt its conclusions as our own. Its finding was not clearly erroneous, so the denial of Gibbs' motion for a new trial was justified.

2. Gibbs enumerates as error the general grounds. This issue was not raised in his motion for new trial, the trial court's order contains a footnote specifically stating that the order addresses only issues raised in the motion, and, as noted previously, Gibbs referred to only this order in his notice of appeal.

Nevertheless, even if the appeal had been taken from the judgment of conviction as well, we find that at trial Gibbs was identified by both victims as the perpetrator of the crime. He was also connected to the scene by clothing found in his apartment, a pillow case taken from the scene, and blood of his rare type found at the scene. Viewing all the evidence in a light most favorable to the verdict, rational jurors could have found appellant guilty of the crimes of which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. Gibbs also enumerates as error the trial court's denial of a continuance when, immediately before trial, he twice told the trial court

that he was dissatisfied with the preparation of his attorney and wished to hire another. This issue was tangentially raised in his motion for new trial. If the appeal had been properly brought, either directly or from the denial of the motion, we would have taken the course adopted in *Wells v. State*, 210 Ga. App. 165, 167 (435 SE2d 523) (1993): "The state does not argue that appellant's enumeration was not preserved for appellate review but rather addresses the merits. The issue is marginally raised sufficiently to warrant our consideration. OCGA § 5-6-30."

Gibbs had previously informed the court that he was indigent and could not afford to hire an attorney. The requests for continuance were made by Gibbs himself; not by his attorney. In fact, the attorney had already declared that the defense was ready for trial and stated to the court that he had made attempts to locate witnesses for Gibbs' defense. See *Jordan v. State*, 206 Ga. App. 173, 174-175 (424 SE2d 852) (1992).

Basically, Gibbs' claim on this point translates into a repetition that trial counsel was ineffective, specifically due to lack of preparation, and that the trial court should have allowed a continuation to correct the ineffectiveness. However, as we have stated, there was no ineffectiveness of counsel. Moreover, "[a] motion for continuance predicated upon a claim of insufficient time to prepare for trial is addressed to the sound discretion of the trial court, and will not be interfered with unless it is clearly shown that the court abused its discretion. [Cits.]" *Payne v. State*, 207 Ga. App. 312, 314 (428 SE2d 103) (1993). As counsel had declared the defense ready for trial, and there is no showing that counsel's assistance was ineffective, it was not an abuse of discretion to deny a continuance.

*Appeal dismissed. Andrews and Johnson, JJ., concur.*

DECIDED MAY 2, 1994.

*Tony L. Axam*, for appellant.
*Lewis R. Slaton, District Attorney, Carl P. Greenberg, R. Andrew Weathers, Assistant District Attorneys*, for appellee.