## A94A1201. MOZINGO v. THE STATE.
(448 SE2d 23)

BLACKBURN, Judge.

James D. Mozingo appeals his conviction by a jury of two counts of aggravated child molestation, three counts of child molestation, and one count of cruelty to children.

1. In his first enumeration of error, Mozingo contends the trial court erred in refusing to allow the jury to view, after their deliberations began, a videotaped interview of the victim. Despite poor audio recording, the State introduced the videotape containing an interview with the victim. Mozingo's counsel objected to the introduction of the videotape due to its poor audio. The videotape was not played for the jury. During deliberations, the jury requested that they be allowed to review the videotape. The trial court denied the request observing that neither party had sought to play it for the jury.

A decision to reopen the evidence after jury deliberations have

begun is a matter within the sound discretion of the trial court. *Childs v. State*, 257 Ga. 243, 255 (357 SE2d 48) (1987). Furthermore, harm as well as error must be shown. Mozingo has failed to show this court how he was harmed, especially, considering that the victim testified, thereby allowing the jury to witness her demeanor during direct and cross-examination. The trial court did not abuse its discretion in declining to reopen the evidence after the jury began its deliberations.

2. Mozingo failed to present argument or citations supporting his second enumeration of error. Therefore, it is deemed abandoned pursuant to Court of Appeals Rule 15 (c) (2).

3. Mozingo asserts he was denied effective assistance of counsel. "The bench mark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. In order to prevail on an ineffectiveness claim, a convicted defendant must show (1) that counsel's performance was deficient, i.e., that counsel's performance was not reasonable under all the circumstances, and (2) that this deficient performance prejudiced the defense, i.e., that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. The complaining defendant must make both showings." (Citations and punctuation omitted.) *Richardson v. State*, 194 Ga. App. 358, 359 (390 SE2d 442) (1990).

Mozingo contends his trial counsel should have requested a continuance because Mozingo was taking prescription drugs which impaired his mental abilities and made him appear argumentative and disoriented. However, at trial Mozingo testified as to his medical condition and drug use, and agreed that he was coherent, able to answer questions, and not in any vast amount of extreme pain. Mozingo's response to his trial counsel's question disputes his testimony at the hearing on his motion for new trial. Furthermore, Mozingo has failed to show how a continuance would have changed the result of the trial.

Mozingo next contends his trial counsel should have argued for the introduction of the videotape of the victim upon the jury's request to review it. However, as determined in Division 1, the trial court did not abuse its discretion by refusing to allow the jury to view the videotape.

"In determining the effectiveness of counsel, this court looks to the totality of the representation provided by counsel. A defendant's right to effective assistance of counsel does not guarantee errorless counsel or counsel judged ineffective by hindsight, but counsel likely to render *and rendering* reasonably effective assistance." (Citations

and punctuation omitted.) Id. at 361. Under the totality of circumstances, we find no error in the trial court's determination that counsel was effective.

*Judgment affirmed. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 1, 1994 —
RECONSIDERATION DENIED AUGUST 15, 1994 —

*Little & Adams, Sam F. Little,* for appellant.
*Ralph L. Van Pelt, Jr., District Attorney,* for appellee.