## A94A1954. ORR v. THE STATE.
(449 SE2d 642)

BLACKBURN, Judge.

Michael Orr appeals his conviction by a jury of burglary. On appeal, Orr enumerates several errors.

1. In his first enumeration of error, Orr contends that his conviction is contrary to the evidence and the law. We disagree.

The State produced the testimony of Gina Roberson who lived within 100 yards behind her parents' house. Roberson heard the burglar alarm activated in her parents' house around 10:00 a.m., and upon investigation, saw two individuals in the house. Roberson got a "good look" at Orr as he entered a GMC truck parked in the carport. Roberson gave the police a description of the vehicle, including a partial license plate number and a description of Orr. Later the same morning, Roberson identified Orr as the man she saw leaving her parents' house. Roberson also identified Orr at trial. Furthermore, at the time of his arrest, Orr was in possession of a chain, later identified as missing from the burglarized house.

Orr testified that he had borrowed the vehicle the morning of the burglary and that he had returned it at 9:30 a.m. He denied being at the burglarized house until the police took him there for identification. Orr testified that he found the gold chain while cleaning an automobile a few days prior to the burglary.

"[T]he credibility of witnesses and the resolution of such conflicts are for the jury. On appeal of a conviction based on a jury verdict, this court resolves all conflicts in favor of the verdict and examines the evidence in a light most favorable to that verdict." (Citation and punctuation omitted.) *Clay v. State*, 214 Ga. App. 160, 161 (447 SE2d 156) (1994). Having so reviewed the record, we conclude that a rational trier of fact could have found Orr guilty beyond a reasonable doubt for the offense for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his second enumeration of error, Orr contends the trial court erred in allowing testimony regarding Roberson's pretrial identification of him at a show-up.

"Pre-indictment confrontations should be scrutinized to determine if they are unnecessarily suggestive and conducive to irreparable mistaken identification. The factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation." (Citation and punctuation omitted.) *Stacey v. State*, 214 Ga. App. 130, 131 (447 SE2d 339) (1994).

In *Hood v. State*, 199 Ga. App. 774, 775-776 (406 SE2d 120) (1991), we determined that a show-up identification 12 days after the crime was not unnecessarily suggestive under the totality of the circumstances therein. Id. at 776. In the present case, Roberson identified Orr within a few hours of "getting a good look" at him leaving her parents' house. Under the totality of circumstances herein, we find that Roberson's identification of Orr was reliable.

3. Orr contends that he was not properly advised of his right to counsel prior to being questioned by police regarding his actions on the morning of the burglary. However, the facts indicate that the officer was merely making a threshold inquiry prior to arresting Orr and reading Orr his *Miranda* rights. See *Ford v. State*, 205 Ga. App. 12, 13 (421 SE2d 294) (1992). Furthermore, Orr failed to raise this issue at the trial court, leaving nothing for this court to review. See *Porado v. State*, 211 Ga. App. 728 (3) (440 SE2d 690) (1994).

4. In his final enumeration of error, Orr contends that he was denied effective assistance of counsel. Specifically, Orr argues that he provided his trial counsel with the names of three witnesses; however, his trial counsel refused to subpoena them to trial, and that his trial

counsel did not remember reviewing an arrest warrant for sufficiency.

"The bench mark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. In order to prevail on an ineffectiveness claim, a convicted defendant must show (1) that counsel's performance was deficient, i.e., that counsel's performance was not reasonable under all the circumstances, and (2) that this deficient performance prejudiced the defense, i.e., that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. The complaining defendant must make both showings." (Citation and punctuation omitted.) *Mozingo v. State*, 214 Ga. App. 410, 411 (448 SE2d 23) (1994).

"A trial court's finding that a defendant has not been denied effective assistance of trial counsel will be affirmed unless clearly erroneous." (Citations and punctuation omitted.) *Gibbs v. State*, 213 Ga. App. 117, 118 (443 SE2d 708) (1994). In the present case, Orr's trial counsel testified that he interviewed the three witnesses referred to by Orr, but that the witnesses' testimony could not help Orr's defense, and might have hurt his case. Additionally, the record contains no arrest warrant and the testimony reflects that Orr was arrested without a warrant; therefore, Orr has failed to show any harm associated with his trial counsel's failure to review any arrest warrant.

"There is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance, and that any challenged action by trial counsel might be considered sound trial strategy." (Citations and punctuation omitted.) Id. The trial court's denial of Orr's motion for new trial based upon ineffective assistance of counsel was proper.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 21, 1994.

*Meeks & Richardson, James G. Meeks,* for appellant.
*Stephen F. Lanier, District Attorney, C. Stephen Cox, Assistant District Attorney,* for appellee.