A94A2268. HAMPTON v. THE STATE.
(449 SE2d 654)

BLACKBURN, Judge.

Jeffrey Hampton was convicted by a jury under two separate indictments for two counts of sale of cocaine and two counts of possession of cocaine. On appeal, Hampton contends his trial counsel was ineffective.

"The bench mark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. In order to prevail on an ineffectiveness claim, a convicted defendant must show (1) that counsel's performance was deficient, i.e., that counsel's performance was not reasonable under all the circumstances, and (2) that this deficient performance prejudiced the defense, i.e., that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. The complaining defendant must make both showings." (Citation and punctuation omitted.) *Mozingo v. State*, 214 Ga. App. 410 (448 SE2d 23) (1994).

The testimony of the police officers established that on June 23, 1992, Hampton sold cocaine to two undercover police officers and a confidential informant, and that on July 10, 1992, Hampton again sold cocaine to an undercover police officer and a confidential informant. Hampton denied making the sales. With regard to the June 23, 1992 transaction, a witness disputed the officers' testimony regarding his involvement and Hampton's sale of cocaine.

Hampton contends that his counsel was deficient in that he did not attempt to determine the identity of the confidential informant. Hampton argues that under the facts of this case, the prosecution was required to disclose the identity of the confidential informant pursuant to *Moore v. State*, 187 Ga. App. 387 (2) (370 SE2d 511) (1988). In *Moore*, we required the disclosure of the confidential informant's identity where the informant was the only witness in a position to amplify or contradict the testimony of the defendant and the police officer. See also *Ponder v. State*, 191 Ga. App. 346, 347 (381 SE2d 534) (1989).

In the present case, Hampton produced a witness who contradicted the police officers' testimony regarding the June 23, 1992 transaction; however, with regard to the July 10, 1992 transaction, no witnesses other than the police officer and Hampton testified. Therefore, the prosecution would have been required to disclose the identity of the confidential informant on the July 10, 1992 transaction.

As discussed above, Hampton must show error and prejudice if he is to prevail. On the record before us, we are unable to determine if

Hampton's trial counsel's failure to obtain the identity of the confidential informant prejudiced his case. Accordingly, the trial court is directed to conduct a post-trial, in-camera proceeding as explained in *Moore*, supra, to determine whether the failure to obtain the identity of the confidential informant was harmful.

The trial court's determination that Hampton's additional allegations of ineffectiveness were without merit, is not clearly erroneous. See *Gibbs v. State*, 213 Ga. App. 117 (1) (443 SE2d 708) (1994).

*Case remanded with direction. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 26, 1994.

*H. Samuel Atkins, Jr.*, for appellant.

*Dennis C. Sanders*, District Attorney, *M. Eric Eberhardt, John C. Hammond*, Assistant District Attorneys, for appellee.