A94A2766. UPSHAW v. THE STATE.
(451 SE2d 125)

BLACKBURN, Judge.

Following a trial by jury, Joseph Lynn Upshaw was convicted of burglary, two counts of aggravated assault, two counts of aggravated sodomy, and rape. Upshaw appeals his conviction asserting several enumerations of error.

1. In his first enumeration of error, Upshaw contends the evidence was insufficient to support his convictions. We disagree.

The victim testified that Upshaw (her former son-in-law), entered her home without permission through the back door. Upshaw held a big knife in his hand. Upon the victim's refusal to give him her daughter's address, Upshaw grabbed her by the hair and put the knife to her throat. Upshaw told the victim that he was going to kill her. Upshaw beat the victim about the head, forced her to commit oral sodomy twice, and raped her. Upshaw required the victim to tell him it was "good." Medical evidence indicated multiple bruises, scratches, and abrasions on the victim.

The evidence viewed in the light most favorable to the jury's verdict supports Upshaw's convictions. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Upshaw contends the trial court erred in admitting evidence of a similar transaction. Evidence of similar crimes is admissible upon proof "the defendant was the perpetrator of the independent crime, there is a sufficient similarity or connection between the independent crime and the crime charged so that proof of the former tends to prove the latter, and the evidence of the independent crime is offered not to raise an improper inference as to the accused's character, but for some permissible purpose regarding an issue in the case. *Stephens v. State*, 261 Ga. 467, 468 (6) (405 SE2d 483) (1991); *Williams v.*

*State*, 261 Ga. 640, 641 (2) (409 SE2d 649) (1991)." *Moore v. State*, 207 Ga. App. 412, 414 (427 SE2d 779) (1993).

After a hearing pursuant to Uniform Superior Court Rule 31.3 (B), the trial court allowed the admission of evidence regarding one of the similar transactions the State sought to use. Upshaw's sister, Beverly, testified that Upshaw put a knife to her throat, raped her, committed anal sodomy, and required her to commit oral sodomy. Beverly testified that Upshaw required her to tell him "how much [she] liked it." Upshaw threatened to kill Beverly if she told anyone about the rape.

"Where forcible sexual assaults are involved, there is at least much sociological evidence to support the conclusion that this type of deviant sexual behavior is a sufficiently isolated abnormality so that proof of the propensity of the defendant to engage in it is at least admissible, and to this extent proof of the one tends to establish the other. There are exceptions to this [similar transaction] rule, and these exceptions have been rather liberally extended in cases of sexual crimes." (Citations and punctuation omitted.) *Moore*, supra at 415. Furthermore, " '[t]here is no requirement that a previous offense be absolutely identical to the one being prosecuted so as to make it admissible.' " *Gonzales v. State*, 213 Ga. App. 667, 668 (445 SE2d 769) (1994).

In the present case, the incidents were sufficiently similar. The trial court did not err in allowing the testimony of the similar transaction.

3. In his final enumeration of error, Upshaw contends his trial counsel was ineffective.

"The bench mark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. In order to prevail on an ineffectiveness claim, a convicted defendant must show (1) that counsel's performance was deficient, i.e., that counsel's performance was not reasonable under all the circumstances, and (2) that this deficient performance prejudiced the defense, i.e., that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. The complaining defendant must make both showings." (Citation and punctuation omitted.) *Hampton v. State*, 215 Ga. App. 57 (449 SE2d 654) (1994).

"A trial court's finding that a defendant has not been denied effective assistance of trial counsel will be affirmed unless clearly erroneous." (Citations and punctuation omitted.) *Gibbs v. State*, 213 Ga. App. 117, 118 (443 SE2d 708) (1994). In the present case, Upshaw contends his trial counsel did not spend enough time preparing the

case; that counsel failed to examine two witnesses concerning supposedly helpful testimony; and that counsel prevented him from testifying.

Upshaw's trial counsel testified at the motion for new trial hearing that he had met with Upshaw 21 times prior to trial. Each meeting lasted from a few minutes to an hour. Upshaw agreed that his trial counsel had met with him that number of times, but he did not agree as to the length of the meetings. Furthermore, Upshaw's trial counsel testified that he followed Upshaw's suggested lines of impeachment except when they were irrelevant. At trial, Upshaw informed the trial judge that his counsel had explained his right to testify and that he did not wish to do so.

"There is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance, and that any challenged action by trial counsel might be considered sound trial strategy." (Citations and punctuation omitted.) Id. The trial court's denial of Upshaw's motion for new trial based upon ineffective assistance of counsel was not clearly erroneous.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED DECEMBER 7, 1994.

*L. Elizabeth Lane,* for appellant.
*Charles H. Weston, District Attorney, Thomas J. Mathews, Assistant District Attorney,* for appellee.