216 Ga. App. 352 (1995)
WASHINGTON
v.
THE STATE.
A94A2032.
Court of Appeals of Georgia.
Decided February 21, 1995.
*355 J. Terry Brumlow, for appellant.
T. Joseph Campbell, District Attorney, for appellee.
POPE, Presiding Judge.
Defendant Larry Washington was sentenced, as a recidivist, to life in prison after being convicted by a jury of two counts of selling cocaine in violation of OCGA § 16-13-30 and two counts of selling cocaine within 1,000 feet of a public housing project in violation of OCGA § 16-13-32.5. He appeals.
The record in this case demonstrates that on October 27, 28 and 29, 1992, Detective Randy Gallman of the Calhoun Police Department conducted an undercover drug-buy operation. On each of the above dates a confidential informant named Mark Dodd, acting as an agent of the police department, approached defendant and allegedly purchased crack cocaine from him. Before each of the drug buys, Dodd met with Detective Gallman, who searched Dodd and his car to verify that no drugs were present. The transaction between Dodd and defendant, which allegedly occurred on October 27, 1992, was not recorded due to a problem with a microphone that was hidden on Dodd. However, both the October 28 and 29, 1992 drug transactions were recorded by a tape recorder that Detective Gallman hid in Dodd's car. After each of the above transactions, Dodd met with Gallman and gave him a small rock of a white substance allegedly purchased from defendant. At trial the white rocks were positively identified as cocaine.
After defendant was arrested and indicted on six counts of violating the Georgia Controlled Substances Act, he appeared at the November 1, 1993 calendar call of his case without an attorney. There is no explanation in the record as to why defendant had not retained or been appointed counsel prior to that time. At the calendar call, the trial court appointed counsel to represent defendant. When defendant's case was called the next day, November 2, 1993, defendant's counsel filed a motion for continuance based generally on the shortness of time given to defendant's counsel to prepare for trial. The trial court denied the motion for continuance. During the trial the State called only three witnesses, all of whom were thoroughly cross-examined. Defendant did not call any witnesses and there is no indication in the record that defendant wished to do so. The jury found defendant guilty of the four counts based on the October 28 and 29, 1992 transactions and not guilty of the two counts which were based on the October 27, 1992 transaction.
1. In his first enumeration defendant contends that the trial *353 court erred in denying his motion for continuance. We disagree. "[T]he grant or denial of a motion for continuance is within the sound discretion of the trial court, OCGA § 17-8-22, and will not be disturbed absent a showing of abuse of that discretion. Davis v. State, 190 Ga. App. 178, 179 (378 SE2d 519) (1989)." Robinson v. State, 202 Ga. App. 576, 577 (2) (a) (415 SE2d 21) (1992). "Mere shortness of time [for preparation] does not by itself show a denial of the rights of the accused, and denial of a continuance [which is based upon] shortness of time will not reflect an abuse of discretion, where there is no convoluted case or . . . a large number of witnesses or intricate defenses. To say otherwise would deprive the trial court of any discretion." (Citations and punctuation omitted.) Johnson v. State, 185 Ga. App. 475, 476 (364 SE2d 609) (1988).
Here, the State only called three witnesses: the investigating officer, the undercover informant and the crime lab technician who tested the cocaine. Such witnesses are standard in cases involving hand-to-hand cocaine sales, and the record reveals that the witnesses' testimony in this case was straightforward and uncomplicated. Moreover, "[defendant] has not shown in this case that he was prevented from obtaining and producing any witnesses or evidence, nor that the case was complicated and required more time in preparation, or that further delay would have gained him any palpable advantage. Ward v. State, 165 Ga. App. 163 (300 SE2d 528) [(1983)]." Tucker v. State, 172 Ga. App. 86 (1) (321 SE2d 817) (1984). Consequently, the trial court's denial of defendant's motion for continuance cannot be said to constitute an abuse of discretion and defendant is therefore not entitled to a new trial based on the denial of said motion.
2. Defendant also challenges the sufficiency of the evidence introduced. Mark Dodd testified that defendant sold him crack cocaine on October 28 and 29, 1992. Dodd's testimony was corroborated by two tape recordings of the transactions in question which were made contemporaneously with said transactions. At trial these tape recordings were authenticated by Detective Gallman and subsequently played for the jury. Additionally, the record shows that prior to each transaction with defendant no drugs were found on Dodd or in his car. However, after each transaction, Dodd returned with a small rock of what was believed to be crack cocaine, which Dodd said he purchased from defendant. These rocks were immediately turned over to Detective Gallman and were later tested by the Georgia Bureau of Investigation Crime Lab and found to be cocaine. There also is testimony in the record indicating that at the time of the transactions in question defendant was within 1,000 feet of a public housing project. Therefore, we conclude that the evidence in this case was sufficient for a rational jury to have found defendant guilty beyond a reasonable doubt of the crimes for which he was convicted. Jackson v. Virginia, 443 U. S. 307 *354 (99 SC 2781, 61 LE2d 560) (1979).
3. Finally, defendant contends that the trial court erred in sentencing him to life in prison as a recidivist under OCGA § 16-13-30 (d) because the State failed to notify defendant, as required by OCGA § 17-10-2 (a), that it intended to use prior drug convictions in aggravation of punishment at defendant's sentencing hearing. OCGA § 17-10-2 (a) provides that before sentencing, "the judge shall hear additional evidence in extenuation, mitigation, and aggravation of punishment, including the record of any prior criminal convictions . . . , provided that only such evidence in aggravation as the state has made known to the defendant prior to the defendant's trial shall be admissible." This notice requirement applies to mandatory life sentences imposed under OCGA § 16-13-30 (d). Armstrong v. State, 264 Ga. 237, 238 (1) (442 SE2d 759) (1994); Moss v. State, 206 Ga. App. 310, 312 (5) (425 SE2d 386) (1992).
In this case, the evidence of record contains a Petition in Aggravation of Sentencing (Petition) filed by the State on November 2, 1992. The record also contains a certificate of service indicating that the Petition was served on defendant's trial counsel by hand delivery on November 2, 1992. The Petition contains type-written information concerning a prior conviction for selling marijuana and hand-written information concerning a prior conviction for selling cocaine. Defendant argues in his appellate brief that he never received a copy of the Petition, but when the trial court asked defendant's counsel at the sentencing hearing whether he had been served with the Petition, defendant's trial counsel stated that he could not say "one way or the other." The State, on the other hand, told the trial court that two petitions, including the one containing the hand-written information about the prior cocaine sale, were served on defendant's trial counsel. Defendant's trial counsel also admitted to having some recollection of the State providing him with oral notice, but stated that he could not remember when or where such notice was given. Moreover, in the motion for continuance, defendant's trial counsel stated that he understood that the crimes with which the defendant was charged would carry a life sentence in prison if defendant was convicted. Consequently, because there is evidence of record that defendant was properly notified of the State's intent to use his prior drug convictions in aggravation of punishment at the sentencing hearing, and such evidence was not sufficiently rebutted by defendant, we conclude that the trial court did not err in sentencing defendant to life in prison as a recidivist under OCGA § 16-13-30 (d).
Judgment affirmed. McMurray, P. J., and Smith, J., concur.